COMMONWEALTH vs. MICHAEL N. D'AMBRA, JR. & another
(and five companion cases [1]).

Middlesex.    March 5, 1970. — April 10, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Evidence,* Other offence, Relevancy and materiality, Admissions and con-
fessions.  *Practice, Criminal,* Opening by prosecutor, Mistrial.  *Identifi-
cation.  Error,* Whether error harmful.  *Constitutional Law,* Admissions
and confessions.

At a trial for armed assault and attempted armed robbery, where the
prosecutor stated in his opening that a police witness would testify
that the defendant held a gun in his hand when apprehended, which
was shortly after the crime and near the scene thereof, there was no
error in the denial of the defendant's motion for a mistrial on the
ground that he had previously pleaded guilty in another proceeding
to unlawfully carrying a weapon and that the prosecutor's statement
was "an attempt . . . to introduce into evidence other crimes" of
the defendant [261–262]; nor was there error in the admission in evi-
dence of the gun [264].
At a criminal trial in which the prosecutor in his closing argument im-
properly remarked that "the defendants could . . . [have brought]
in any witnesses they wanted" and the judge immediately interrupted
and instructed the jurors that there was no burden on the defendants
"to bring in any witnesses" and to "disregard" the prosecutor's re-
mark, any prejudice from the remark was adequately counteracted by
the judge's instructions.  [262]
At the trial of an attempted armed robbery in a grill during which the
owner of the grill had noted the robber's hair style and clothing, a
finding by the judge on conflicting evidence that a confrontation be-
tween the owner and the defendant at a police station, which took
place within an hour of the crime and at which the owner for the first
time viewed the defendant's face, occurred by chance and not inten-
tionally warranted a conclusion that an in-court identification of the
defendant by the owner was not tainted by the prior confrontation.
[262–263]
At the trial of two defendants for an attempted armed robbery committed
by two men wearing masks, one of whom was seen to drop a mask in
flight from the scene of the crime, the judge properly admitted that

---

[1] Three of the companion cases are by the Commonwealth against D'Ambra,
and two are by the Commonwealth against Richard J. Marshall.

mask in evidence even though it could not be traced directly to either defendant. [263–264]

Testimony in a criminal case indicated no error in the trial judge's ruling that the defendant was given full and adequate warning of his constitutional rights in compliance with *Miranda* v. *Arizona,* 384 U. S. 436, that his responses to the warning were made with a full understanding of his rights, and that any statements made by him were voluntary. [264–265]

INDICTMENTS found and returned in the Superior Court on November 13, 1967, and November 14, 1967.

The cases were tried before *Hale,* J.

*Richard C. Chambers* for the defendant D'Ambra.

*John F. Mee,* Assistant District Attorney (*David A. Mills,* Assistant District Attorney, with him), for the Commonwealth.

*John A. Maiona & Henry P. D'Alessandro,* for the defendant Marshall, submitted a brief.

REARDON, J. The defendants were indicted for various offences connected with the attempted robbery while armed of the Oxford Grill in Cambridge. They are here on eight assignments of error, certain of which are similar in the case of each defendant.

It could have been found that at 10:15 P.M. on September 26, 1967, two men who were wearing masks and who were armed attempted to commit robbery in the basement office of the grill. They were foiled in their endeavors to rob the owner of the grill and his son, and they thereupon ran out the door with the son in pursuit. Around 10:30 P.M. the Cambridge police arrested the defendant D'Ambra about one eighth of a mile from the grill, and the defendant Marshall was arrested later by the Boston police. There will be other references to testimony as required.

1. In his opening to the jury the district attorney stated that a police witness during the course of trial would testify that one of the suspects, who was apprehended by the Cambridge police, held a gun in his hand at the time. The defendant D'Ambra moved for a mistrial contending that he had previously pleaded guilty to the charge in another proceeding of unlawfully carrying a weapon and that the

"statements by the District Attorney were an attempt on the part of the prosecution to introduce into evidence other crimes of the accused." We consider this contention without merit. The defendant D'Ambra was charged with armed assault and attempted armed robbery. A necessary element in both crimes was the possession of a weapon. See *Commonwealth* v. *Nickologines,* 322 Mass. 274, 277, and cases cited. Evidence that the defendant was arrested with a gun in his possession was material and relevant to the issues being tried and hence properly admissible. *People* v. *Goldstein,* 295 N. Y. 61, 64–65. The district attorney in his opening remarks was merely indicating what the Commonwealth proposed to prove during the course of the trial and his statement was not prejudicial.

2. In his closing argument to the jury the district attorney remarked that "the defendants could bring in any witnesses they wanted . . . ." The defendants complain of the prejudice flowing from this statement although there was an immediate interruption of the argument by the judge who instructed the jurors that the district attorney was being somewhat enthusiastic. He said among other things, "It is not the burden of the defendant to bring in any witnesses in this case; . . . the burden is entirely on the Commonwealth, . . . you will disregard the remark of the District Attorney." We view the judge's instructions as sufficiently strong to counteract the adverse effect of the unfortunate comment of the district attorney. *Commonwealth* v. *Crehan,* 345 Mass. 609, 615, and cases cited. *Commonwealth* v. *Gordon,* 356 Mass. 598, 603–604.

3. The defendant D'Ambra complains that an in-court identification of him by the owner of the grill was tainted by a prior confrontation between the two which occurred at the police station following his arrest. While the testimony relative to this police station confrontation was somewhat conflicting with respect to whether it occurred on purpose, the trial judge found it to have occurred by chance and not intentionally. Any conflict in the evidence under these circumstances was for the trial judge to resolve. *Common-*

*wealth* v. *Valcourt,* 333 Mass. 706, 710. *Commonwealth* v. *Femino,* 352 Mass. 508, 512–513. His findings "which we must accept as true" are conclusive. *Commonwealth* v. *Blondin,* 324 Mass. 564, 566, cert. den. 339 U. S. 984. We note in passing that the police station confrontation in the instant case is markedly different from other confrontation-identification cases where there was a calculated move by the police to bring about pre-trial observations of a suspect by an eyewitness. See *United States* v. *Wade,* 388 U. S. 218; *Gilbert* v. *California,* 388 U. S. 263; *Stovall* v. *Denno, Warden,* 388 U. S. 293; *Commonwealth* v. *Bumpus,* 354 Mass. 494, cert. den. 393 U. S. 1034; *Commonwealth* v. *Cooper,* 356 Mass. 74; *Commonwealth* v. *Guillory,* 356 Mass. 591; *Commonwealth* v. *Kazonis,* 356 Mass. 649. That an eye-witness accidentally confronts a suspect erases any problem of illegality where the police make no attempt to elicit im-properly such an identification. The trial judge found this to be such a case. Notwithstanding the fact that the con-frontation which occurred within an hour of the attempted robbery gave the owner of the grill an opportunity to view the defendant D'Ambra's face for the first time, he had noted the defendant's hair style and clothing at the time of the attempted holdup. We find no error in the ruling of the judge.

4. Objection is launched by both defendants to evidence adduced through the son of the owner who engaged in the chase of the robbers. He noticed one of them dropping a mask at the bottom of the stairs leading from the basement office where the attempted robbery took place. He gave this mask later to an officer and identified it during the trial. It was introduced in evidence as an exhibit over the exception of both defendants. The trial judge ruled that the mask was "not connected specifically with either of them but it's connected with one of them," and allowed it to be marked as an exhibit. There had been evidence from the father and the son that the attempted robbery had been committed by two men. The mask found by the son was material to the extent that it helped to set the scene of the

crime even though it could not be traced directly to either defendant. The trial judge was in the best possible position to make the determination whether the prejudicial consequences of the introduction of the mask outweighed its probative value. Such a decision is best left to him. *Commonwealth* v. *Murphy,* 356 Mass. 604, 610, and cases cited. For the same reason there is no merit in the defendant Marshall's complaint that the trial judge erred in allowing evidence of ownership of a motor vehicle.

5. The defendant D'Ambra alleges error in the admission in evidence of a gun which the Cambridge police officer took from him when he was apprehended shortly after the crime. He contends that he had pleaded guilty to the charge of carrying a gun in a prior proceeding and that the introduction of this testimony was highly prejudicial in his trial on remaining charges. However, as has been indicated previously, he had been indicted for armed assault and attempted armed robbery, in both of which crimes the possession of a weapon is a necessary element. Evidence that he was arrested in close proximity in time and distance to the scene of the crime with a gun in his possession was relevant and material to the issues being tried even though it may have connected the defendant with another crime. Evidence indicating that the defendant has committed other offences, the commission of which has a tendency to establish the facts in controversy, is admissible. *Commonwealth* v. *Feci,* 235 Mass. 562, 567. *Commonwealth* v. *White,* 353 Mass. 409, 420, cert. den. 391 U. S. 968. See *People* v. *Goldstein,* 295 N. Y. 61, 64–65.

6. Error is alleged by the defendant D'Ambra in the ruling of the trial judge that he was properly advised of his constitutional rights. We do not recite the testimony by the police officer who testified to a warning given to the defendant conformable to *Miranda* v. *Arizona,* 384 U. S. 436. Suffice it to say our review of the testimony indicates no error in the judge's ruling that the defendant D'Ambra was given full and adequate warning in compliance with the *Miranda* decision and that the responses made by him rela-

tive thereto were made with a full understanding of what his rights were under the *Miranda* case. Any statements which he made were voluntary. We cannot find that any element of the *Miranda* requirements was omitted from the police sergeant's warnings. See *Commonwealth* v. *Wilbur*, 353 Mass. 376, 383, cert. den. 390 U. S. 1010; *Commonwealth* v. *Fisher*, 354 Mass. 549.

*Judgments affirmed.*