COMMONWEALTH *vs.* ROBERT J. CEFALO.

Essex.   March 3, 1970. — April 10, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Evidence,* On motion to suppress.  *Practice, Criminal,* Suppression of
   evidence, Examination of defendant's transcript by prosecutor, Voir
   dire, Requests, rulings and instructions.  *Identification.*

At the hearing in an armed robbery case of a motion to suppress an in-
   custody identification of the defendant as the robber, questions to the
   identifying witness as to certain observations made by her at the time
   of the robbery and factors bearing upon the robbery incident itself,
   but not concerned with the in-custody identification, were properly
   excluded.  [256–257]
Evidence at the trial of an indictment for armed robbery of a clerk in a
   store who had observed the robber for a half minute to a minute while
   he was about four and a half feet from her clearly established that an
   in-court identification of the defendant as the robber by her about four
   months after the robbery originated in the events at the time thereof
   and was independent of an allegedly illegal in-custody identification
   of the defendant by the witness at a police station about three or four
   hours after the robbery, and that the police station identification was
   harmless beyond a reasonable doubt.  [257–258]
At the trial of an indictment at which defence counsel, in order to impeach
   the credibility of a witness, read from the transcript of a probable
   cause hearing paid for by the defendant and not placed in evidence,
   there was no error in permitting the prosecutor to review just the
   specific portion of the transcript which was the basis of the cross-
   examination in order to make sure that there was no distortion of the
   witness's previous testimony.  [258]
There was no error at a trial for armed robbery in denial of the defen-
   dant's motion for a voir dire as to the admissibility of his statements
   to a police officer near the scene of the robbery and shortly after it
   occurred explaining the defendant's presence in the immediate area,
   where the statements did not amount to a confession and were made
   voluntarily.  [258–259]
There was no abuse of discretion at a criminal trial in the judge's failure
   to give instructions in the form suggested by the defendant where the
   charge was succinct and comprehensive and covered all proper ques-
   tions.  [259]

INDICTMENT found and returned in the Superior Court on
January 7, 1969.

A motion to suppress was heard by *Thompson*, J., and the case was tried before him.

*Alfred P. Farese* for the defendant.

*Peter F. Brady*, Assistant District Attorney, for the Commonwealth.

REARDON, J. The defendant was indicted and convicted on a charge of armed robbery in a trial held under the provisions of G. L. c. 278, §§ 33A–33G, and is here on assignments of error.

The robbery occurred at a Stop & Shop store located off the northbound lane on Route 1 in Saugus. While working around noon in the cash office of that store on September 28, 1968, Linda Austin saw a man standing at the office window who was unknown to her. He was holding a gun pointed at her and, putting a paper bag through the window, he said, "[F]ill it up or I'll kill you." She filled the bag with bills of various small denominations from the cash drawer to an amount under $1,000, returned the bag to the man, and he departed. She then pulled an alarm and very shortly thereafter Saugus police arrived. The defendant was later apprehended on the same afternoon in Boston by a Boston policeman who testified that upon a search of the defendant bills in the denominations taken from the store were found. In open court the witness Linda Austin identified the defendant as the man who had held her up and described clothing which he wore at the time of the robbery.

1. The defendant made a motion to suppress "certain identifications . . . made without the benefit of a police lineup," and in the absence of counsel. This motion after hearing was denied. During the hearing the judge excluded over the defendant's objections and exceptions a series of questions directed to Linda Austin regarding certain observations made by her at the time of the robbery. These inquiries were not directly related to the limited objective of the defendant's motion to suppress, i.e., the exclusion of the witness's identification of the defendant while he was in police custody. The questions ranged beyond the scope of the motion. They included queries dealing with the

kind of clothing worn by the robber, the opportunity of observation at the time of the robbery, lighting conditions in the store, and other factors bearing upon the robbery incident itself. The questions were not concerned with the identification by the witness of the defendant while he was in police custody some three or four hours later. The defendant's motion was directed solely to the in-custody identification. In effect, as we said in *Commonwealth* v. *Roy*, 349 Mass. 224, 227, "[a] pre-trial motion to suppress, based on an alleged illegal search and seizure, should specify the evidence sought to be suppressed, and the hearing should be directed to the specified evidence and to the grounds alleged for its suppression." Such a hearing, as we there stated, should not develop into a "far ranging and free wheeling expedition in which the defendant . . . [is] able to search out all of the evidence, physical and testimonial, which the Commonwealth . . . [has] against the defendant." The judge acted properly in excluding the questions.

2. The defendant also assigned as error the trial judge's denial of the motion to suppress, denial of a motion for a mistrial, and failure to exclude certain evidence and testimony. The in-custody identification occurred when the witness, at the request of the police, arrived at approximately 4:30 P.M. on the day of the robbery near the entrance of Division 1 of the police department in Boston, at which time the defendant, handcuffed to two other persons, emerged from the station house and entered a patrol wagon. He later alighted from the patrol wagon near another police station, to which the cruiser in which the witness was a passenger had also been driven.

However, assuming arguendo the illegality of the in-custody identification by the witness, we are of the belief that her in-court identification of the defendant was independent of the in-custody identification and therefore valid. At the time of the robbery the man who approached the cash office stood about four and a half feet from her. The witness observed the robber for a half minute to a minute. She

noticed his clothing, hair and complexion. In the court room she stated that she was "positive" that the defendant was the man who had robbed her although she admitted she was nervous when the robbery occurred. She gave a statement to the Saugus police approximately twenty minutes after the robbery which differed only in insignificant respects from her testimony on the stand. In the investigatory phase of the case she was shown a series of pictures and was quite positive that the defendant's picture was not among them. The trial occurred four months after the robbery. In sum, it would appear that her in-court identification of the defendant originated in a series of observations independent of those which she made at the time of her in-custody identification (see *Commonwealth* v. *Guillory,* 356 Mass. 591, where important discrepancies existed; see also *Commonwealth* v. *Frank, ante,* 250). In our view the Commonwealth has established by clear and convincing evidence that the in-court identification was based upon observation of the suspect other than the in-custody identification, and that the police station identification was harmless beyond a reasonable doubt. *Chapman* v. *California,* 386 U. S. 18.

3. The defendant in a third assignment complains that a transcript of a probable cause hearing paid for by him was ordered to be delivered to the prosecution in the course of the trial. A review of the testimony indicates that the transcript was not placed in evidence but was marked for identification and that its entire contents were never opened to the Commonwealth's perusal. While cross-examining the witness Linda Austin, defence counsel read from the transcript in an attempt to impeach her credibility. The trial judge was correct in permitting the Commonwealth the opportunity to review the specific portion of the transcript which was the basis of the cross-examination in order to insure that there was no distortion of the witness's previous testimony. We see no error.

4. A State police officer testified that he stopped the defendant, who was in an automobile near the scene of the

robbery, shortly after twelve noon and inquired of him whence he was coming. The defendant replied he "had just come from the Carriage House [a motel], Route 1, Peabody, and was headed home." The Commonwealth then inquired whether the defendant had said "anything else." The defendant objected and requested a voir dire. This request was denied and there was exception. The police officer then testified that the defendant stated that "he spent the entire evening with a female subject and was now en route home." The defence counsel asked that the answer be struck and the court said it would strike only the latter portion of the answer. There was no error in denying the defendant's motion for a voir dire. There was no problem whether the statements of the defendant amounted to a confession or any question of their being voluntary. *Commonwealth* v. *Marshall*, 338 Mass. 460, 461–462. *Commonwealth* v. *Brown*, 354 Mass. 337, 348–349. The questions from the prosecution were undoubtedly intended to elicit inconsistency in the defendant's statement with regard to his reasons for being in the immediate area. The court offered to instruct the jury to disregard that portion of the answer which was struck, which offer the defendant rejected. See *Commonwealth* v. *Gordon*, 356 Mass. 598, 604.

5. The defendant made certain requests for instructions to the jury dealing with questions of burden of proof, the effect of circumstantial evidence, and identification, and took exception to the judge's failure to give the instructions in the form suggested by him. A review of the judge's charge indicates that it was at once succinct and comprehensive and that all proper questions were covered. We are satisfied that the issues of fact were clearly presented to the jury and that the law applicable to them was explained with care. We find no abuse of discretion by the judge in the method in which he charged. *Commonwealth* v. *Monahan*, 349 Mass. 139, 170–171. The judge acted properly in refusing to grant one request which was erroneous in law. *Commonwealth* v. *Perry*, 254 Mass. 520, 530.

*Judgment affirmed.*