COMMONWEALTH *vs.* JOHN GRAY (and three companion cases [1]). April 10, 1970. The defendants were tried together for armed robbery and other crimes in a trial held subject to G. L. c. 278, §§ 33A–33G. Assignments of error argued to us embody contentions based on *United States* v. *Wade*, 388 U. S. 218, *Stovall* v. *Denno, Warden*, 388 U. S. 293, and other related cases following them. Within fifteen or twenty minutes after an armed robbery of a liquor store, members of the Cambridge police, notified by radio of the event, apprehended two suspects and returned them to the store after informing the suspects of their rights under *Miranda* v. *Arizona*, 384 U. S. 436. There they were identified by the clerk who had been held up and who had had an opportunity to observe them for "a couple of minutes, more or less" when they were engaged in the robbery. At the trial he stated that there was "no question" that the defendants were the men who held him up. The identification evidence of the initial confrontation was properly admitted under *Commonwealth* v. *Bumpus*, 354 Mass. 494, 501. See *Commonwealth* v. *Frank, ante,* 250. A further assignment of error based on the denial by the trial court of a new psychiatric examination for the defendant Gray before trial does not seem to us to be valid. "A decision on such a . . . [request] is peculiarly in the trial judge's discretion." *Commonwealth* v. *Hanley*, 337 Mass. 384, 390. In this instance the trial judge appears to have been more than ordinarily solicitous in his treatment of the defendant Gray relative to his alleged mental turmoil and confusion. Finally, assignments of error by both defendants based on

---

[1] Two of the companion cases are by the Commonwealth against John Gray, and one is by the Commonwealth against Joseph T. Netto.

error in the admission of certain testimony as hearsay are without merit in that objection to such evidence lodged at the time it was introduced was based on grounds other than those argued here. *Richards* v. *United States,* 63 F. 2d 338, 340–341 (1st Cir.), cert. den. 289 U. S. 757. See *Commonwealth* v. *Connolly,* 308 Mass. 481, 492–493.

*Judgments affirmed.*

*Louise G. Gans* for the defendant Gray.
*Reuben Goodman* for the defendant Netto.
*David A. Mills,* Assistant District Attorney, for the Commonwealth.