Charles F. COOPER, Petitioner, Appellant,

v.

Philip J. PICARD, Superintendent, Massachusetts Correctional Institution, Norfolk, Respondent, Appellee.

No. 7543.

United States Court of Appeals, First Circuit.

June 29, 1970.

John C. Cratsley, with whom Donald A. Kaplan, A. Van C. Lanckton, Jonathan Asher, and Eric Wallach, Cambridge, Mass., were on brief, for petitioner, appellant.

Ruth I. Abrams, Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., John J. Irwin, Jr., Asst. Atty. Gen., Chief, Criminal Division, and John J. Droney, Dist. Atty., Northern District, were on brief, for respondent, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This is an appeal from the denial without hearing of a petition for a writ of habeas corpus and presents the narrow question whether petitioner was entitled to an evidentiary hearing. He claims that witnesses who identified him at trial were subject to impermissibly suggestive photographic and lineup-like identification procedures and that the Commonwealth failed to establish the independence of their in-court identification.

The case revolves about the armed robbery of a pharmacy in Cambridge, Massachusetts, in 1968, in which petitioner was alleged to have participated. On the day after the robbery the proprietor of the pharmacy went to the Cambridge police station to view photographs. After going through several boxes of pictures without making an identification, a detective threw a picture of petitioner, attached to a manila envelope, in front of the witness, who immediately identified petitioner. Apparently this was a last minute thought, the detective being about to go to Chicago to pick up the defendant on another charge. We do not consider this action unduly suggestive. Some latitude must be allowed to the police, at least in the absence of deliberate theatrics.

Some time later petitioner was arrested in Chicago by members of the Cambridge police department in connection with another charge and brought to Cambridge. While he was being held at the police station, the proprietor and his wife, also a witness to the robbery, were brought to the station where they observed petitioner through a one-way glass while he was in an adjoining room with several policemen, an undetermined number of whom were wearing uniforms. Both witnesses identified the petitioner as one of the robbers. Thereafter petitioner was brought before the witnesses alone, where he was again identified.

At trial in the Middlesex Superior Court, Jacobson, the proprietor of the pharmacy, identified petitioner as one of the men who robbed the store. Petitioner's objection was overruled by the trial judge on the ground that there had as yet been no showing of any improper identification. Later, on direct, Jacobson testified, without objection, that he had identified petitioner's photograph at the Cambridge police station. On cross-examination, counsel for petitioner brought out the fact that petitioner had been viewed at the police station in the absence of counsel. His motion to strike Jacobson's in-court identification was denied.

Mrs. Jacobson, wife of the proprietor, also made an in-court identification of petitioner. On cross-examination she verified that a confrontation had taken place at the police station. Counsel for petitioner, however, did not move to strike her in-court identification.

The Superior Court, sitting without a jury, convicted petitioner and the Supreme Judicial Court affirmed. Commonwealth v. Cooper, 1969, Mass.Adv.Sh. 857, 248 N.E.2d 253. The Supreme Judicial Court held that the denial of counsel at the police station confrontation was constitutional error under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), but af-

firmed the conviction on the grounds that petitioner did not complain of any unfairness in the confrontation [1] and that an independent basis for the in-court identification was established at trial. Petitioner subsequently brought a petition for a writ of habeas corpus in the district court which was denied without hearing. The district court, after an independent review, held that the state court record established an independent basis for the in-court identification.

In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Supreme Court established guidelines for determining whether an evidentiary hearing is required on a petition for a writ of habeas corpus by a state prisoner. We think that at least two of the *Townsend* criteria are applicable here and require a remand for an evidentiary hearing.

Under *Townsend* a federal district court must grant an evidentiary hearing if "the merits of the factual dispute were not resolved in the state court hearing; * * *" 372 U.S. at 313, 83 S.Ct. at 757. The issue of fact in this case is whether the in-court identifications made by the Jacobsons were independent of the pre-trial identification procedures. On this question the trial judge in the state court made no explicit finding.[2]

In the case of Mrs. Jacobson's testimony there is not only no explicit ruling on the question at hand, but the possibility of reconstruction of a ruling implicit in the proceeding is excluded by the failure of counsel to raise the question in the state court. In light of counsel's strenuous objections to the introduction of identification testimony of this nature, however, we think it clear that the failure to object to Mrs. Jacobson's testimony was inadvertent and does not amount to a waiver of the point under Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1967). Accordingly, the independence of her in-court identification requires an evidentiary hearing in the district court.

The state court finding on the independence of Mr. Jacobson's in-court identification cannot bar a federal evidentiary hearing for another reason, which is equally applicable to Mrs. Jacobson. In *Townsend* the Court held that: "[i]f, for any reason not attributable to the inexcusable neglect of petitioner, * * evidence crucial to the adequate consideration of the constitutional claim was not developed at the state hearing, a federal hearing is compelled." 372 U.S. at 317, 83 S.Ct. at 759. We think that the failure of the record to demonstrate in more detail the circumstances of the police station confrontation meets this test, as we think the relative suggestiveness of a challenged confrontation bears on whether a subsequent in-court identification has independent roots.

To begin with, it is clear beyond question that the failure to develop the facts surrounding the police station confrontation is chargeable to the State, not to inexcusable neglect by the petitioner. Once the petitioner

1. This conclusion was incorrect. The petitioner argued that the viewing was improperly suggestive at pages 7 and 15–17 of his brief in the Supreme Judicial Court. Com. v. Cooper, 1969 Mass.Adv. Sh. 857, 248 N.E.2d 253, Appellant's Brief 7, 15–17.

2. The Supreme Judicial Court did not hold that the in-court identification was independent of an impermissibly suggestive showing at the police station, for it assumed that the only objection to the showing was lack of counsel. We therefore have no state court finding on whether the in-court identification was independent of the police showing no matter how suggestive such showing might have been. This makes unnecessary a determination of whether state appellate court findings of fact are sufficient to avoid a federal hearing in light of *Townsend's* statements indicating the need for findings by the state trier of fact. Townsend v. Sain, *supra*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, 313–315, 83 S.Ct. 745, 9 L.Ed.2d 770; *see* J. Wright & A. Sofaer, Federal Habeas Corpus for State Prisoners: The Allocation of Fact-Finding Responsibility, 75 Yale L.J. 895, 935, 937 (1966).

demonstrated that a confrontation took place in the absence of counsel, the burden shifted to the State to demonstrate that the in-court identification was independent of the tainted lineup. United States v. Wade, *supra*, 388 U.S. at 240, 87 S.Ct. 1926. In the absence of such a showing the presumption is otherwise and the identification is inadmissible. *E. g.*, Mason v. United States, 134 U.S. App.D.C. 280, 414 F.2d 1176, 1182 (D.C. Cir. 1969).

■ The test of independence enunciated in *Wade* is whether, "granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." 388 U.S. at 241, 87 S.Ct. at 1939. In applying the test, the Court listed several factors which must be considered; facts bearing on some of these were developed in the state trial here. This list, appearing at page 241, 87 S.Ct. 1926, is often cited as "the *Wade* test." It is not, however, exhaustive of the relevant factors. At page 228 the Court noted the problems inherent in the use of eyewitness identification testimony and said that: "[a] major factor contributing to the high incidence of miscarriage of justice from mistaken identification has been the degree of suggestion inherent in the manner in which the prosecution presents the suspect to witnesses for pretrial identification." Hence the nature of the police station confrontation must be considered in reaching a conclusion as to independence of recollection of witnesses subjected to it. *Cf.* Clemons v. United States, 133 U.S.App.D.C. 27, 408 F.2d 1230, 1244–1246 (1968) (en banc), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969).

It is plain from an examination of the state court record that the facts surrounding the police station confrontation have not been adequately developed. The petitioner was placed in a room with an undetermined number of persons, at least some of whom were uniformed police officers. Suggestiveness was surely increased by the presence of uniformed officers and may have been further enhanced if the remaining group was small. There is no evidence as to the identity of the persons in the room, whether they resembled the petitioner, or whether their appearances were quite different. This has an obvious bearing. This combination of circumstances makes it plain that we simply do not have the facts about what happened at the Cambridge police station. It is apparent that the failure to develop the facts pertaining to this viewing left the trial court unable to consider a factor we regard as crucial to any determination of independence of recollection: the suggestiveness of the tainted confrontation. Therefore the failure of the district court to hold an evidentiary hearing was error.

Reversed and remanded for proceedings consistent with this opinion.