COMMONWEALTH *vs.* WILLIAM ROYCE.

Suffolk.    December 7, 1970. — January 29, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Practice, Criminal,* Speedy trial. *Identification.*

There was no violation of the provision of G. L. c. 277, § 72A, as appearing in St. 1965, c. 343, that a prisoner confined in a correctional institution who has applied for prompt trial or other disposition of an untried indictment or complaint pending against him "shall, within six months after such application is received by the court, be brought into court for trial or other disposition" of such indictment or complaint, where it appeared that the defendant was arraigned in the Superior Court, on a warrant for armed robbery issued by a Municipal Court, within six months after his application was received, and was tried within six months after the return of an indictment for such offence, although the trial began more than six months after the application was received. [598–599]

At the trial of an indictment for armed robbery in a bank, testimony of a bank guard, on a voir dire on a motion to suppress an in-court identification of the defendant as the robber by the guard, as to the guard's observation of the defendant during the robbery and immediately thereafter outside of the bank, and as to the guard's selection of a picture of the defendant from a group of photographs a week later, clearly established that the guard's in-court identification was based on his observations at the time of the robbery and warranted

a finding by the judge that the guard's in-court identification was "untainted" by a previous improper identification by him as the defendant was standing trial in another proceeding. [599–600]

INDICTMENT found and returned in the Superior Court on October 15, 1969.

The case was tried before *Roy*, J.

*Albert L. Hutton, Jr.*, for the defendant.

*Gerald F. Muldoon*, Assistant District Attorney, for the Commonwealth.

REARDON, J. The defendant was indicted and found guilty on three counts of armed robbery in the Superior Court in a trial held subject to G. L. c. 278, §§ 33A–33G. He is here on an assignment of errors, arguing to us only two of the four that he originally alleged.

1. The defendant bases his first assignment on G. L. c. 277, § 72A, as appearing in St. 1965, c. 343, which makes mandatory upon the respective officers in charge of prisoners that they notify any prisoner currently serving time of any "untried indictment, information or complaint . . . pending in any court in the commonwealth against . . . [him]." The prisoner then has the right to apply to the court in which the charges are pending for "prompt trial or other disposition" of the charges. The statute further requires that "[a]ny such prisoner shall, within six months after such application is received by the court, be brought into court for trial or other disposition of any . . . indictment, information or complaint, unless the court shall otherwise order." The defendant contends that the requirements of the statute were not satisfied because he filed such an application on July 3, 1969, while confined at the Correctional Institution at Walpole on an unrelated charge but his trial did not take place until April 6, 1970.

We note, however, that the defendant's application was with reference to a warrant against him for armed robbery issued from the Municipal Court of the Roxbury District on September 4, 1968. That warrant is not before us, and the sole evidence here that it and the indictment dated October 15, 1969, on which the defendant was tried and convicted

in the Superior Court in Suffolk County related to the same crime is the bare statement of counsel for the defendant to that effect. In fact, the defendant testified he had never seen the warrant.

Assuming, however, that the warrant and the subsequent indictment related to the same offence, there was still no violation of G. L. c. 277, § 72A, which requires that the application under it be to the court in which the charges are pending and that that court bring him to trial "or other disposition" within six months. The Municipal Court from which the 1968 warrant issued had power only to arraign him on the charge of armed robbery (G. L. c. 218, § 26; *Commonwealth* v. *Mahoney*, 331 Mass. 510) and, in fact, the defendant was arraigned on November 19, 1969, a little over four months after his application. The fact that this arraignment actually occurred in the Superior Court rather than in the Municipal Court is immaterial. Alternatively, if the application is taken as imposing the six months requirement on the Superior Court, its effective date cannot be until October 15, 1969, when the indictment was returned, and it appears that the trial was held within six months of that date. Thus the defendant's first argued assignment lacks merit.

2. The defendant charges secondly that an in-court identification of him by one Ahearn, a bank guard who witnessed the robbery, was prejudicially tainted by Ahearn's intervening identification of him at the Superior Court in Plymouth County where the defendant was standing trial with two other men. Assuming that the identification at the court house was improper since the defendant was not aware of it and was not effectively represented by counsel at that time (*United States* v. *Wade*, 388 U. S. 218; *Gilbert* v. *California*, 388 U. S. 263), it is our view that the voir dire held on the defendant's motion to suppress Ahearn's identification testimony clearly established that the in-court identification was based on Ahearn's observation at the time of the robbery and was not tainted by this subsequent confrontation. *Commonwealth* v. *Frank*, 357 Mass. 250. *Commonwealth* v.

*Cefalo,* 357 Mass. 255. Ahearn testified at the voir dire that he observed one of the robbers in the bank from an unobstructed vantage point at a distance of twenty-five feet for eight or nine minutes during the course of the robbery, and that he saw the same individual outside the bank immediately following it from a distance of about twenty feet. A week later he selected the defendant's picture from a group of seventy-five to one hundred photographs shown to him by the police in circumstances of which the defendant does not complain.[1] The trial judge's finding following the voir dire that "the present in-court identification . . . is . . . untainted by any matters involved in what occurred at the Plymouth Court" was clearly supported by the evidence which he heard and specifically covers the issue which the defendant now raises.

The defendant attempts to attach significance to the fact that the trial judge also found the Plymouth identification not in violation of *United States* v. *Wade, supra.* Without passing upon whether this finding was error, the fact that the judge went on to find the in-court identification "untainted" by the Plymouth proceedings indicates that, for purposes of the finding, he was in fact assuming that the Plymouth identification was improper under the *Wade* case. The judge's finding on this point was thus harmless.

*Judgments affirmed.*

---

[1] This identification was well before the suspect identification in the Superior Court in Plymouth County, which occurred over eight months after the robbery.