COMMONWEALTH *vs.* JOHN J. MARTIN
(and a companion case [1]).

Norfolk.     March 6, June 6, 1972. — June 27, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Identification. Error,* Whether error harmful. *Practice, Criminal,* Sequestration of witnesses. *Evidence,* On cross-examination. *Search and Seizure.*

Where it appeared at the trial of an indictment for armed robbery that witnesses identified the two defendants from photographs, that witnesses identified the defendants at their arraignment at a District Court at a time when their counsel did not know that the identifications were being made, that the witnesses who had identified the defendants at the District Court and other witnesses identified them at the trial, and that the in-court identifications had a source wholly independent of any earlier identifications, it was held that even if certain earlier identifications were erroneously admitted in evidence, the error was harmless beyond a reasonable doubt. [244–245]

The judge in an armed robbery case did not abuse his discretion by refusing to sequester witnesses. [245]

At the trial of an indictment for armed robbery, there was no error in a refusal by the judge to permit certain cross-examination to show a minor discrepancy between the testimony of a witness and an earlier statement by him. [245]

The judge in an armed robbery case did not abuse his discretion by the breadth of cross-examination of a defendant which he permitted at the hearing on a motion to suppress. [245]

At the trial of an indictment for armed robbery, prompt curative instructions by the judge adequately dealt with a reference by a police witness to a separate offence by a person seen with a defendant. [245]

At the trial of an indictment for armed robbery, a statement by a police witness, during testimony about the existence of probable cause for arresting a defendant, that he "had been involved in armed robberies," in context appeared to have been a reference to the charges then being tried and was not an inadmissible reference to an independent crime. [245]

At the trial of an indictment for armed robbery, a refusal by the judge at a voir dire to. permit inquiry about an informant who seemed merely to have told the police where the two defendants were living together was reasonable. [245]

---

[1] Commonwealth *vs.* Joseph G. Bouchard.

At the trial of an indictment for armed robbery, the judge acted
   properly in receiving in evidence a gun taken from a defendant
   when arrested without a warrant, where it appeared that the arrest
   was upon probable cause to believe that he had been involved in
   the robbery. [245–246]

INDICTMENTS found and returned in the Superior
Court on January 30, 1969.

Pre-trial motions to suppress were heard by *Ponte,* J.,
and the cases were tried before him.

*Robert V. Greco* (*Reuben Goodman* with him) for the
defendants.

*John P. Connor, Jr.,* Assistant District Attorney
(*Paul E. George,* Special Assistant District Attorney,
with him) for the Commonwealth.

REARDON, J.  A jury found Martin and Bouchard
guilty of robbing a Quincy bank on October 4, 1968.  They
appeal under G. L. c. 278, §§ 33A–33G.  After a pre-trial
hearing the judge suppressed a police station identifica-
tion (on October 14, 1968) of each defendant by one
Sheila Allen.  He did not suppress either (a) certain
photographic identifications or (b) identifications at a
District Court arraignment when counsel were appointed
(but did not know that witnesses were observing the
defendants).  The judge admitted in evidence in-court
identifications by Sheila Allen and other witnesses who
had seen the District Court arraignment, as well as
in-court identifications by other witnesses.  We re-
manded the case (March 22, 1972) for further findings
by the trial judge concerning the identifications.  See
*Commonwealth* v. *Tempesta,* 361 Mass. 191, fn. 1.  Com-
pare *Commonwealth* v. *Mendes,* 361 Mass. 507–511.

1. We rely on, and approve, his further careful, de-
tailed findings, fully warranted by the evidence, that the
in-court identifications (at this trial of an offence com-
mitted after the decisions in *United States* v. *Wade,* 388
U. S. 218, and *Stovall* v. *Denno,* 388 U. S. 293) clearly
had a source wholly independent of any earlier identifica-
tions, and that, even if certain earlier identifica-

tions were erroneously admitted in evidence, the error was harmless beyond a reasonable doubt. The judge now has given thorough consideration to the factors discussed in cases decided after the trial. See *Cooper* v. *Picard*, 428 F. 2d 1351 (1st Cir.) ; *S. C.* 316 F. Supp. 856 (D. Mass.) ; *Allen* v. *Moore*, 453 F. 2d 970, 974–975 (1st Cir.). See also recent full discussion of identification procedures in *Commonwealth* v. *Ross*, 361 Mass. 665, 670–679.

2. The judge did not abuse his discretion by refusing to sequester witnesses. *Commonwealth* v. *Bettencourt*, 361 Mass. 515, 518.

3. In the circumstances, the judge reasonably declined to permit the particular type of cross-examination attempted at trial concerning a police report, which the prosecution offered to permit defence counsel to examine. At most the report provided a meager hearsay basis for showing a minor (if not trivial) discrepancy between the testimony of an earlier witness and an alleged prior statement by him.

4. The judge did not abuse his discretion by the breadth of cross-examination of Bouchard permitted at the hearing on the motion to suppress. No part of that testimony was referred to before the jury. See *Commonwealth* v. *Hicks*, 356 Mass. 442, 446.

5. Prompt curative instructions adequately dealt with the reference by a police witness at trial to a separate offence by a person seen with Bouchard. In context a statement during testimony about the existence of probable cause for arresting Bouchard, that Bouchard "had been involved in armed robberies," appears to have been a reference to the charges then being tried.

6. The judge reasonably refused to permit inquiry about an informant who seems merely to have told the police where the defendants were living together. The police knew Martin was sought for the Quincy robbery and that Bouchard fitted the description of the second robber. See *McCray* v. *Illinois*, 386 U. S. 300, 304–314.

7. The judge properly received in evidence a gun

taken from Bouchard when arrested without a warrant upon probable cause to believe that he had been involved in the robbery. See *Commonwealth* v. *Salerno*, 356 Mass. 642, 646–647. See also *Commonwealth* v. *Holmes*, 344 Mass. 524, 525–526.

*Judgments affirmed.*