COMMONWEALTH *vs.* DAVID G. MURPHY, JR.

Suffolk.    May 3, 1972. — October 27, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Identification. Practice, Criminal,* Findings by judge.

At a trial of the defendant for putting a store employee in fear to compel her to disclose the means of opening her employer's safe, findings that during the commission of the crime the defendant had remained with the employee in her car for an hour and a half and that on three separate days following the crime the employee was shown "hundreds of photographs" by the police before identifying one of the defendant warranted a conclusion that the photographic identification procedure was not impermissibly suggestive. [544–545]

At a trial of the defendant for putting a store employee in fear to compel her to disclose the means of opening her employer's safe, evidence that during the commission of the crime the defendant had

remained with the employee for an hour and a half warranted a finding that the employee's in-court identification of the defendant was based on observations independent of her pretrial identifications. [546–547]

The determination of the weight of the evidence introduced at a hearing of a motion to suppress identification testimony in a criminal trial is the function and responsibility of the judge who saw and heard the witnesses. [547–548] HENNESSEY, J., concurring.

INDICTMENT found and returned in the Superior Court on April 14, 1970.

A motion to suppress was heard by *Leen,* J.

*Alexander Whiteside, II,* for the defendant.

*Robert Snider,* Assistant District Attorney, for the Commonwealth.

QUIRICO, J. After a joint trial held under the provisions of G. L. c. 278, §§ 33A–33G, David G. Murphy, Jr. (the defendant) and one John J. Whooley were convicted on separate indictments charging that each, with intent to commit larceny, confined and put in fear one Josephine Votta for the purpose of stealing from a safe in a building of Sears, Roebuck and Co., and that each, with such intent, compelled Miss Votta, by intimidation, force and threats, to disclose and surrender the means of opening the safe. G. L. c. 265, § 21. The case is now before us on the defendant's appeal, the appeal of Whooley having been disposed of by us on July 13, 1972, in *Commonwealth* v. *Whooley, ante,* 313.

The summary of the evidence in our decision of the *Whooley* case sufficiently describes the essential details of the crime of which the present defendant was convicted and the nature and extent of his participation therein. He was one of three persons who confined Miss Votta in her car and forced her at gunpoint to give them the combination to a vault and safes of her employer, Sears, Roebuck and Co. The defendant remained in the car and there kept Miss Votta in custody for about an hour and one-half while the other two men went to her place of employment and tried to open the safes. They failed in part because of the sounding of a burglar

alarm. Whooley was arrested on the premises, and the defendant fled from the scene in a car.

The sole alleged error argued by the defendant is the denial of the major portion of his pre-trial motion "to suppress any out of court or in court identifications [of him by Miss Votta] . . . on the grounds that said identifications were made without the knowledge or presence of the defendant's counsel and said identifications may have been induced by unnecessary suggestive techniques in violation of the defendant's [constitutional] rights." The denial occurred in open court by an oral order of the judge who heard the motion and without express findings of fact. When the appeal first reached us we remanded the case to the Superior Court to enable the judge to make and report his complete and specific findings of fact on which he based his denial of the motion. He has made such findings and has reported them to this court. Since a copy of his report will be filed with the records of this case in the Superior Court, no useful purpose would be served by repeating all of the findings in this opinion. We shall refer to them by the several categories to which the defendant's arguments are directed.

1. The defendant first argues that Miss Votta's identification of his photograph as representing the person who held her in custody in her car while the other two men attempted to break into the safes was made in such circumstances that his conviction should be set aside under the rule laid down in *Simmons* v. *United States*, 390 U. S. 377, 384. There the court said that "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Miss Votta was shown "hundreds of photographs" by the police on the evening of the crime and about a dozen more on the following day, and she identified

none of them. One the second day after the crime she was shown a dozen more photographs and from that group she identified one photograph of the defendant. After reciting detailed findings of the manner in which Miss Votta viewed the photographs on the three days, the judge found as follows: "I . . . find nothing surrounding her viewing of these photographs to have been so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. In addition, I find that the witness's identification of the defendant's photograph was based solely and completely on her observations of the defendant on the night of March 4, 1970, and was not influenced or tainted by anything that occurred subsequent thereto." Thus, the simple but complete answer to the defendant's argument on this point is that on the judge's findings it is without factual basis.

2. The next argument relates to Miss Votta's viewing and identification of the defendant in the Municipal Court of the Roxbury District on Saturday, March 7, 1970. The defendant contends this viewing and identification violated his rights under the rule laid down by *United States* v. *Wade,* 388 U. S. 218, because he was without counsel at the time.

After Miss Votta identified the photograph of the defendant on March 6, 1970, the police arrested him and they requested her to be in the Municipal Court the following morning. While there she saw and identified the defendant as he entered the court room in circumstances described in detail in the judge's findings. The judge found that this identification by Miss Votta "was based solely and completely on her observations of the defendant on the night of March 4, 1970, and was not influenced or tainted by anything that occurred subsequent thereto," and further that "neither the identification nor the circumstances surrounding . . . [it] were so impermissibly suggestive as to give rise to a substantial likelihood of misidentification."

Notwithstanding these findings, the judge suppressed

the identification which took place in the Municipal Court. It is clear from the transcript and his subsequent written findings that he did so only because of the existence of a factual question whether the defendant was represented by counsel when the identification was made, and if he was, whether he or his counsel knew that Miss Votta was in the court room at the time.[1]

Of course the defendant does not claim that it was error to suppress this particular identification, but we have discussed it because the occurrence in the Municipal Court is one of the bases of his claim of error in the ultimate identification of him by Miss Votta in the Superior Court trial. The question whether, on the subsidiary facts found by the judge, he was required to suppress the Municipal Court identification is not before us, and we intimate no opinion that he was required to do so.

3. The defendant's final argument, as stated in his brief, is that "the in-court identification of . . . [him] by Miss Votta was not found to be and on the evidence could not have been found to be independent of or untainted by the constitutionally improper photographic identification or by the constitutionally improper District Court identification and its use as evidence accordingly was in violation of" his constitutional rights.

As of the date he filed his brief, the defendant properly questioned the judge's failure to make "specific

---

[1] The oral statement made by the judge from the bench in disposing of the motion to suppress was in part as follows:

"And your exception will be noted to my denial of your motion to suppress, but I understand I am suppressing the identification in the Roxbury District Court. I do that with reluctance because I think under the circumstances it probably is a good identification, but I am fearful. Decisions of the Supreme . . . Court of the United States with respect to many of these matters, and particularly identifications where a lawyer is not there and knows that the person is being identified in the courtroom, and so on.

"I can't quite reconcile them all, so to be on the safe side, I am going to suppress it. So in my judgment, it shouldn't be admitted. . . .

"I am suppressing the identification in the Roxbury District Court because of my fear of the implications of some of the cases. In all other respects, however, I am denying the motion."

findings or rulings as to whether or not the in-court identification [by Miss Votta in the Superior Court] was independent of either the photographic or district court identifications." See *Cooper* v. *Picard*, 428 F. 2d 1351, 1353–1354 (1st Cir). However, that question has since been eliminated by our remand of the case to the Superior Court for the express purpose of making and reporting such findings to us.

In summary the judge concluded (a) that Miss Votta's identification of the defendant's photograph was in no way legally tainted, (b) that her identification of him in the Municipal Court should be suppressed although he did not expressly decide that it was legally tainted, and (c) that "her in-court identification of the defendant at trial was . . . based upon a clear and independent memory of the man who sat to her right on the night and during the time in question. This clear and independent memory is based solely and completely upon the observations she made on the night and during the time in question and is untainted by anything which may have occurred subsequent thereto."

The narrow issue before us on the denial of the motion to suppress is whether the evidence warranted the findings made by the judge. While recognizing that the issue is thus limited, the defendant in fact attempts to argue principally on the weight of the evidence rather than on its sufficiency. The determination of the weight of the evidence is the function and responsibility of the judge who saw and heard the witnesses, and not of this court. We hold that the evidence was sufficient to warrant all of the subsidiary findings made by the judge, and that his subsidiary findings support his general findings or conclusions based thereon. On such a record, we accept the judge's findings as true, and we do not substitute our judgment for his thereon. *Commonwealth* v. *D'Ambra*, 357 Mass. 260, 262. The findings also meet the requirements laid down in *Cooper* v. *Picard*, 428 F. 2d 1351, 1353–1354 (1st Cir.), habeas corpus granted 316 F. Supp. 856 (D. Mass.).

The judge correctly applied to the facts found by him the pertinent portions of the rules laid down in the now familiar cases of *United States* v. *Wade,* 388 U. S. 218, *Gilbert* v. *California,* 388 U. S. 263, *Stovall* v. *Denno,* 388 U. S. 293, and *Simmons* v. *United States,* 390 U. S. 377. There was no error. If this disposition of the defendant's contentions seems curt, peremptory or summary, such treatment of them should come as no surprise to anyone who has read the following language from our opinion of April 10, 1970, in *Commonwealth* v. *Frank,* 357 Mass. 250, 253–254: "Once again, therefore, we are referred to *United States* v. *Wade,* 388 U. S. 218. This leads us to comment on the current and understandable number of matters which have reached us in recent months arising under the *Wade* case or under *Gilbert* v. *California,* 388 U. S. 263, or under *Stovall* v. *Denno, Warden,* 388 U. S. 293. . . . It does not appear to us that any good purpose would be served by further distillation of the *Wade* essence. We note that during the sitting at which this matter was heard on appeal there was a not inconsiderable number of appeals raising similar contentions on the part of defendants where in-court identifications were permitted over objection. The principal purpose of these observations and the main reason for the full inclusion in this opinion of the judge's findings of fact on the motion to suppress are to make clear that such careful findings supported by the evidence and upholding an in-court identification are not likely to be disturbed by us. . . . Effective and constitutionally adequate administration of criminal justice does not require us in the face of such findings to second guess the trial judge who is certainly in a far better position than we to determine the facts upon which a ruling on the admissibility of an in-court identification is based."

We repeat, reaffirm and emphasize the position which we stated in the *Frank* case because of the continuing stream of cases in which this court is asked to review

Commonwealth *v.* Murphy.

findings of fact by trial judges on the admissibility of identification evidence in criminal cases.[2]

*Judgment affirmed.*

---

[2] The following tabulation is an indication of the extent to which this court has been occupied with questions of identification in criminal cases since the decision of the *Wade, Gilbert* and *Stovall* cases on June 12, 1967, and of the *Simmons* case on March 18, 1968:

| No. | Commonwealth v. (Name of Defendant)* | Mass. Citation | Pages on which U. S. cases are cited. | | | |
|---|---|---|---|---|---|---|
| | | | Wade | Gilbert | Stovall | Simmons |
| 1. | Dubois | 353 Mass. 223 | 227 | 227 | 227 | — |
| 2. | White | 353 Mass. 409 | 415n | — | 415n | — |
| 3. | Arsenault* | 353 Mass. 575 | 579 | 579 | 579 | — |
| | | | 581 | 581 | 581 | — |
| | | | 584 | 584 | 583 | — |
| | | | — | — | 584 | — |
| 4. | Croteau* | 353 Mass. 736 | 738 | 738 | — | — |
| 5. | Chin Kee* | 354 Mass. 156 | — | — | 157–158 | — |
| 6. | Blackburn | 354 Mass. 200 | 203 | 203 | 203 | — |
| 7. | Nassar | 354 Mass. 249 | 262 | 262 | 262 | 262 |
| 8. | Bumpus | 354 Mass. 494 | 498 | 498 | 498 | 501 |
| | | | 501 | 499 | 499 | — |
| | | | — | 501 | 501 | — |
| | | | — | 502 | — | — |
| 9. | Sullivan | 354 Mass. 598 | 605 | — | 605 | — |
| 10. | Geraway | 355 Mass. 433 | 438 | 438 | 438n | 438 |
| | | | 440 | — | — | 440 |
| 11. | Robinson | 355 Mass. 620 | 622 | 622n | — | — |
| 12. | Cooper | 356 Mass. 74 | 76 | 76 | 76 | — |
| | | | 80–84 | 80 | 80 | — |
| 13. | Wallace | 356 Mass. 92 | — | — | 97 | — |
| 14. | Guillory | 356 Mass. 591 | 593 | — | 593 | — |
| 15. | Connolly | 356 Mass. 617 | 623 | 623 | 623 | — |
| 16. | Salerno | 356 Mass. 642 | — | — | 647 | — |
| 17. | Kazonis | 356 Mass. 649 | 651n | 651n | 651 | 652 |
| | | | 653 | — | 652 | — |
| 18. | Bell | 356 Mass. 724 | 724 | 724 | 724 | — |
| | | | 725 | — | — | — |
| 19. | Gibson | 357 Mass. 45 | 47 | — | — | 47 |
| 20. | Wilson | 357 Mass. 49 | 55 | — | 54 | 54 |
| | | | 56 | — | — | — |
| 21. | Frank** | 357 Mass. 250 | 253 | 253 | 253 | — |
| 22. | D'Ambra** | 357 Mass. 260 | 263 | 263 | 263 | — |
| 23. | Breen | 357 Mass. 441 | 446 | 446 | 446–447 | — |
| 24. | Balukonis | 357 Mass. 721 | 725 | — | — | — |
| 25. | Gray | 357 Mass. 771 | 771 | — | 771 | — |

\* These persons were petitioners in post-conviction proceedings.

\*\* A third case (*Commonwealth* v. *Cefalo,* 357 Mass. 255), decided on the same date as these two cases, also involves the application of the same rules.

Commonwealth *v.* Murphy.

HENNESSEY, J. (concurring) I concur with the main opinion in its conclusion that the defendant's appeal here is groundless. Indeed this appeal is almost frivolous, as viewed in the light of the careful and complete findings of the judge.

I concur also with the main opinion's conclusion that almost all of the cases which have presented identification issues to this court have brought before us no serious appellate question. We cannot properly be asked to revise a judge's subsidiary findings of fact, where they are warranted by the evidence, or to review the weight of the evidence related to the findings. In particular, it

| No. | Commonwealth v. (Name of Defendant)* | Mass. Citation | Pages on which U. S. cases are cited. | | | |
|---|---|---|---|---|---|---|
| | | | Wade | Gilbert | Stovall | Simmons |
| 26. | Cass | 358 Mass. 805 | 805 | — | — | — |
| 27. | Appleby | 358 Mass. 407 | 413 | — | — | — |
| 28. | Underwood | 358 Mass. 506 | — | — | 508 | 508 |
| 29. | Royce | 358 Mass. 597 | 599 600 | 599 | — | — |
| 30. | Teta | 358 Mass. 814 | 814 | — | 814 | — |
| 31. | Preston | 359 Mass. 368 | 373 | 373 | — | — |
| 32. | Jackson | 359 Mass. 742 | 742 | 742 | 742 | — |
| 33. | Garvin | 360 Mass. 846 | — | — | — | 847 |
| 34. | Wilson | 360 Mass. 557 | 561 | — | — | — |
| 35. | Tempesta | 361 Mass. 191 | 192n 195 | — | — | — |
| 36. | McGrath | 361 Mass. 431 | 434 437 | 434 | 434 | 437 |
| 37. | Mendes | 361 Mass. 507 | 509 510 511 | 510 | 511 | — |
| 38. | Ross | 361 Mass. 665 | 670 671 673 674 676 678 | 670 671 676 678 | 670 671 | 670 673 675 676 677 |
| 39. | Gizicki | 361 Mass. 889 | 889 | — | — | 889 |
| 40. | Kirker | 362 Mass. 202 | — | 204 | — | — |
| 41. | Finn | 362 Mass. 206 | 209 | — | 208 209 | 208 209 |
| 42. | Martin | 362 Mass. 243 | 244 | — | 244 | — |
| 43. | Roberts | 362 Mass. 357 | 364 367 | — | — | 365 366 |
| 44. | Thompson | 362 Mass. 382 | 384n | 384n | 385 | — |
| 45. | Leaster | 362 Mass. 407 | 410 411 415 | 410 411 | 410 411 415 | 415 |
| 46. | Lopes | 362 Mass. 448 | 451 | 451 | 451 452 | — |
| 47. | Flynn | 362 Mass. 455 | 471 | 471 | 471 | — |

is inappropriate to ask us to reverse a judge's findings involving credibility, since he saw the witnesses and we did not.

Nevertheless, it is important to add that the *ultimate* findings and rulings of a judge may give rise to a meaningful appeal, even in a case where his subsidiary findings are beyond practical challenge. This is true because the ultimate conclusions of a judge on identification issues may be of constitutional proportions. This court must, where justice requires, substitute its judgment for that of a trial judge at the final stage. Not every combination of subsidiary findings may be said to meet constitutional standards. The mere recital of appropriate phrases denoting constitutional acceptability may serve only to obscure error in admitting the evidence.

Many pre-trial identification procedures involve some measure of suggestiveness. Frequently this is unavoidable. Probably some invalid identification methods, even more than illegal interrogation or illegal search and seizure, tend to create evidence of guilt where none existed before. It is vital that a judge's findings and rulings generated by consideration of the principles of the *Wade, Stovall* and *Simmons* cases should not become pro forma exercises.[1]

---

[1] In the instant case the ultimate conclusions of the judge, which are fully supported by his complete subsidiary findings, provide examples of the care and thoroughness which must be devoted to these issues.