COMMONWEALTH *vs.* RICARDO BEST. October 3, 1980. The sole issue before us is the correctness of the judge's denial of a motion to suppress the in-court identification of the defendant by one of the victims of a robbery. There was no error.

From the abundance of the judge's findings, which will not be disturbed if warranted by the evidence, *Commonwealth* v. *Murphy,* 362 Mass. 542, 547 (1972); *Commonwealth* v. *Worlds,* 9 Mass. App. Ct. 162, 166 (1980), and from his conclusions, to which we pay reasonable deference, *Commonwealth* v. *Moon,* 380 Mass. 751, 757 (1980), it is evident that the Commonwealth proved by clear and convincing evidence that the in-court identification by the victim who had the better opportunity to see and hear the robber was based on an independent source. See *Commonwealth* v. *Correia,* 381 Mass. 65, 75-76 (1980). The one-on-one confrontation was rendered necessary by the exigency of the moment. See *Commonwealth* v. *Powell, ante* 57, 61 (1980); *Commonwealth* v. *Coy, ante* 367, 373 (1980).

*Judgments affirmed.*

*Michael D. Cutler* for the defendant.
*Gary A. Nickerson,* Assistant District Attorney, for the Commonwealth.