COMMONWEALTH *vs*. THOMAS GOSHEA. April 26, 1985. *Practice, Criminal*, Mistrial, Argument by prosecutor.

The defendant was convicted by a jury on an indictment that charged him with arson of a dwelling house. G. L. c. 266, § 1. On appeal, the defendant argues that the cumulative effect of the following three questions or comments by the prosecutor requires reversal — (1) a question to the defendant on cross-examination as to whether he had smoked "pot" with two of the prosecution witnesses; (2) a statement made twice in closing argument, despite the objection of defense counsel, referring to the loss by the owner of the building of over $50,000, (most of his savings) as a result of the fire; (3) a comment made in closing argument referring to the defendant as someone who "ha[d] no intentions of trying to help [the jury] find out where [he] was" on the day of the fire. We affirm, holding that the question and all statements of the prosecutor were improper but were all adequately cured by instructions by the judge to the jury.

1. The defendant's affirmative response to the prosecutor's question whether he had smoked marihuana with certain other individuals was immediately ordered struck by the judge and followed by an instruction to the jury that the statement was out of the case. Generally it is "not assume[d] that jurors will slight strong and precise instructions of the trial judge to disregard matters which have been withdrawn from their consideration." *Commonwealth* v. *Gordon*, 356 Mass. 598, 604 (1970). The judge did not abuse his discretion in denying the motion for a mistrial and relying on

curative instructions to correct any possible error by the prosecutor. See *Commonwealth* v. *Richards*, 363 Mass. 299, 308-310 (1973); *Commonwealth* v. *Gouveia*, 371 Mass. 566, 572 (1976).

2. The prosecutor's improper statements in closing argument, referring (1) to the loss by the owner of the building of a "good portion of his savings" and (2) to the defendant's failure to remember and failure to try to find out where he had been the evening of the fire, were adequately cured by the judge's clear and repeated instructions to the jury (1) that sympathy, whether for the building owner, the defendant, or the Commonwealth, had no part in the case and (2) that the Commonwealth had the burden of proving all the facts and the defendant had no obligation or "burden whatsoever" to prove where he was that night or "to prove anything at all". See and compare *Commonwealth* v. *D'Ambra*, 357 Mass. 260, 262 (1970); *Commonwealth* v. *Borodine*, 371 Mass. 1, 9-10 (1976), cert. denied, 429 U. S. 1049 (1977); *Commonwealth* v. *Edgerly*, 6 Mass. App. Ct. 241, 259-260 (1978). Contrast *Commonwealth* v. *Shelley*, 374 Mass. 466, 470-471 (1978) (statements so prejudicial that judge's instruction could not cure error); *Commonwealth* v. *Hawley*, 380 Mass. 70, 82-85 (1980); *Commonwealth* v. *Hoppin*, 387 Mass. 25, 28-31 (1982) (display of rawhide, not introduced in evidence, so prejudicial that instructions could not cure error); *Commonwealth* v. *Clary*, 388 Mass. 583, 591 (1983) (trial judge gave only general instructions, which were inadequate to cure error). The cumulative effect of the errors, when evaluated in light of all the circumstances, including the nature of the remarks and the instructions of the judge, see *Commonwealth* v. *Clary*, 388 Mass. at 590-591, was not so great as to prejudice the outcome of the trial. Contrast *Commonwealth* v. *Shelley*, 374 Mass. 466, 469-470 (1978); *Commonwealth* v. *Clary*, 388 Mass. at 592-594.

*Judgment affirmed.*

The case was submitted on briefs.
*Murray Shulman* for the defendant.
*Matthew J. Ryan, Jr.*, District Attorney, & *William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.