### HERBERT B. MACKINTOSH, petitioner.

Suffolk.    May 13, 1929. — June 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Exceptions: petition to establish.

A petition for the establishment of a bill of exceptions which had been disallowed by a judge of the Superior Court was dismissed upon findings by a commissioner, to whom the petition had been referred, that five only of sixteen exceptions claimed to have been saved were stated with sufficient accuracy in the bill; that six were not saved as therein stated; that as to some of the remaining five, which related to the exclusion of evidence, offers of proof were alleged in the bill to have been made, whereas no offers in fact had been made, and as to others no offers of proof had been made; that excerpts from the judge's charge to the jury set forth in the bill did not give a true "picture" of the charge as a whole; and that this defect could have been remedied, without depriving the petitioner of any substantial advantage, by omitting from the bill certain of such excerpts and incorporating therein certain other parts of the charge.

PETITION, filed in the Supreme Judicial Court on October 28, 1924, to establish exceptions alleged to have been saved at the trial of an action in the Superior Court.

The bill of exceptions had been disallowed by order of *Macleod,* J., as not in conformity with the truth. Material findings by a commissioner to whom the petition was referred are stated in the opinion.

*H. B. Mackintosh, pro se.*

RUGG, C.J. This is a petition to establish the truth of exceptions alleged to have been taken at a trial before a jury

in the Superior Court.   The bill of exceptions as filed was disallowed simply because not in conformity with the truth. No certificate of further reasons was filed by the judge.   The case was referred to a commissioner and is considered upon his report.   Sixteen exceptions were claimed in the bill as filed.   Of these the commissioner found that six were not saved as stated, and that five related to questions put and excluded, as to some of which an offer of proof was stated in the bill where no offer of proof was in truth made, and as to others of which no offer of proof was made.   It is familiar law that the exclusion of a question where no offer of proof is made commonly affords no good ground for exception.   *Cook v. Enterprise Transportation Co.* 197 Mass. 7, 10.   Five only are found to be stated with sufficient accuracy in the bill. The commissioner further reports "In the bill of exceptions there are set forth certain excerpts from the charge of the trial judge.   These excerpts, standing by themselves, do not give as balanced and true a picture of what the court said to the jury as they would if read in the light of other statements in the charge which are not included in the bill.   The petitioner sets up the claim before the commissioner that if there had been incorporated in the bill of exceptions certain provisions of the charge which the defendants sought to have incorporated therein, the bill would have been unduly long. But upon an examination of the bill, as well as of the entire charge of the court as disclosed by the trial record, I find that this suggested difficulty could have been met in good faith by omitting certain parts of the charge already in the bill. This could have been done by the plaintiff without the sacrifice of any supposed substantive advantage.   There could then have been incorporated in the bill certain other portions of the charge, as sought for by the defendants and as suggested by the trial judge.   This it seems to the commissioner should have been done by the plaintiff in order to prevent distortion of the picture in the bill and in order that the bill as a whole might present a true, faithful and uncolored portrayal of the case should any of the exceptions of the plaintiff be deemed by the court to have substantial merit.   I find that under portions of the charge not included in the bill, after

calling the attention of the jury to certain evidence of the plaintiff, which was uncontradicted by the defendants, the court then spoke at more or less length in further terms, all of which must have been clear to the jury, in substance as follows: that if they found certain facts to be true they should find for the plaintiff, — among other things that if they found that the transaction involved in the suit was an isolated transaction, the plaintiff would be entitled to a recovery for the amount due on the note according to its terms with interest on the loan at the rate designated in the instrument; and that if the jury found that the plaintiff was not engaged in the business of making small loans, within the meaning of the small loans act, even if the loan was in fact for $300 or less, the plaintiff would be entitled to a recovery, and that this would be true even though the rate of interest was in excess of twelve per cent."

It is manifest that the bill of exceptions did not give a fair report of the trial, and that the judge was not required to allow it in the form presented. The principles of law governing a case of this kind have been repeatedly stated with fulness. They need not be reiterated. Under numerous decisions there was no error of law in disallowing the bill as presented because not in conformity to the truth. *Horan, petitioner*, 207 Mass. 256. *Bishop, petitioner*, 208 Mass. 405. *Thorndike, petitioner*, 254 Mass. 256. *Smith, petitioner*, 260 Mass. 297, where numerous cases are collected. *Energy Electric Co., petitioner*, 262 Mass. 534, 537.

*Petition dismissed.*