COMMONWEALTH vs. PETER ROBINSON.

Suffolk.  February 4, 1969. — April 10, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Identification.*

At the trial of an indictment for robbery from a student at a medical
school, the admission of testimony by the victim identifying the de-
fendant as the robber was not erroneous on the ground that it was not
independent of the victim's identification of him at a police station at
which he had been without counsel and in custody on an unrelated
charge, together with his cousin, who had on his person articles
taken from the victim, where it appeared that during the robbery the
victim had faced the robber at arm's length in an adequately lighted
area and had been clearly able to observe his features for about a
minute, and that immediately after the robbery he had described with
some accuracy to police the person of the robber and the weapon he
had employed.

INDICTMENT found and returned in the Superior Court on
May 8, 1968.

The case was tried before *Lappin, J.*

*Reuben Goodman* for the defendant.

*Newman A. Flanagan,* Assistant District Attorney
(*Richard E. Rafferty,* Legal Assistant to the District At-
torney, with him), for the Commonwealth.

REARDON, J.  The defendant was found guilty upon an
indictment charging assault with a dangerous weapon upon
and robbery from the person of one Jack E. Weissman, a
student at the Harvard Medical School.  The defendant
appealed from a sentence to the Correctional Institution at
Walpole.  The trial was conducted subject to the provisions
of G. L. c. 278, §§ 33A–33G.  The evidence presented most
directly bearing on the defendant's appeal is as follows.

About 12:30 A.M. on March 7, 1968, Weissman was
walking along Longwood Avenue, Boston, to return to
Vanderbilt Hall, his dormitory, from the Children's Hospital
when he was accosted by two men who came from his rear

and proceeded to walk abreast of him. There was some conversation. Weissman began to cross Longwood Avenue, and at a point halfway across the street was collared by one of the men who "hustled" him onto the sidewalk and into some bushes. "There are mercury vapor lamps lining the streets on both sides" in the area of this occurrence. Weissman's assailant showed him a knife and demanded his wallet. Weissman, who was backed up against the wall of the dormitory and facing his attacker, was clearly able to observe his features for a period of about a minute. During the interval the two men were within arm's reach of each other. Weissman's glasses were knocked off and he was struck three or four times in the face with resultant injury. The companion of the attacker remained across the street and fled with him after Weissman had handed over his wallet. Weissman replaced his glasses and pursued them but the two were picked up by a car and disappeared. Weissman subsequently gave a description to the police of the individual who had attacked him. Approximately two weeks later the defendant was apprehended by the police with his cousin and a third person for an offence not connected with the attack on Weissman. Upon a search the cousin was found to have on his person articles taken from Weissman. Weissman thereafter came to a police station and identified the defendant in a group of about a half dozen people. Upon a voir dire the trial judge ruled that the identification at the police station was inadmissible but that "the in-court identification by the victim had an independent origin other than that of the lineup. This is supported by the fact that, even after the victim had been informed that the person he had identified was not the person upon whose person the credit cards were found, he still identified him as being the person who assaulted and robbed him." The defendant excepted to this ruling and to the identification of the defendant by Weissman on direct and redirect examination.

The defendant contends that the in-court identification was inadmissible in that the prosecution did not prove by

clear and convincing evidence that it was independent of that which took place in the police station in violation of the Sixth and Fourteenth amendments of the Constitution of the United States as interpreted in *United States* v. *Wade,* 388 U. S. 218.[1] It is quite clear to us, as it was to the trial judge, that the in-court identification possessed its own sources of justification. Weissman, the victim, was patently of high intelligence. He faced his assailant at arm's length for a minute under circumstances which would tend to etch his impressions on observation on his memory. He gathered these impressions in an adequately lighted area. He described with some accuracy to the police thereafter the person of his attacker and the weapon he employed. That his view of the defendant two weeks later in the police station "enhanced" his ability to identify the defendant does not detract from the positive identification made in court. Weissman made it most clear that his identification in court was based not on the confrontation in the police station but upon "the incident on the 7th of March." In fact, it would be difficult to conjure up circumstances where such an identification was more validly admitted. The reasoning of the trial judge who pointed out that Weissman had distinguished at the police station between the individual who had been taken with Weissman's articles in his possession and the defendant seems entirely sound to us. We are not disposed in this situation to interpose any view which is at variance with that of the trial judge.

*Judgment affirmed.*

---

[1] The police station identification occurred prior to the lodging of any formal charge against the defendant arising from the attack upon Weissman and while the defendant was being held only on investigation of an unrelated crime. He was without counsel at this stage but the police were at the threshold of inquiry into the crime for which he was held and even more at an uncertain stage relative to the Weissman attack. The effect on the use in evidence of this identification of *United States* v. *Wade, supra,* and *Gilbert* v. *California,* 388 U. S. 263, 272–273, is not before us. See *Commonwealth* v. *Bumpus,* 354 Mass. 494, 501.