COMMONWEALTH *vs.* THOMAS A. CASS. November 2, 1970. These indictments charge the defendant with (a) unlawfully carrying a sawed-off shotgun, (b) armed robbery while masked, and (c) conspiracy to commit armed assault with intent to rob. He was tried before a judge without jury and found guilty on all indictments. The case has been appealed under G. L. c. 278, §§ 33A–33G. The case was tried by competent counsel and we see no occasion for discussing alleged errors to which no exceptions were taken. See *Commonwealth* v. *Foley, ante,* 233, 236. It is contended that the trial judge erred in permitting an in-court identification of the defendant. He argues that the case of *United States* v. *Wade,* 388 U. S. 218, is here applicable because when the defendant was identified at the Chicopee police station he was not represented by counsel. We summarize the facts relating thereto. The defendant, together with two other men, was placed under arrest by officers of the Chicopee police department, charged with "[s]uspicion of a felony, armed robbery" and was taken to the police station. Shortly thereafter, the victim of the robbery went into the room where the three men were, observed them, and in the presence of the defendant stated, "He is the one that held me up." The defendant's argument on this point ignores other testimony that the victim had ample opportunity to observe the defendant at the time of the holdup; that he based his identification on the defendant's height, age, size, weight, clothing and facial features, which the victim was able to see "through the nylon stocking" with which the defendant had covered his face. We are satisfied that the in-court identification was based on observations of the defendant other than the identification in the police station. *Commonwealth* v. *Robinson,* 355 Mass. 620, 621–622. We do not agree with the defendant that the interception of the automobile in which he was riding was without probable cause. The officers had a description of the getaway car and one of the occupants fitted the description that had been received by the police. The defendant's final contention is that the court erred in "not allowing the defendant to question" witnesses called by the defendant at the voir dire hearing with regard to testimony given by them in the District Court. No offer of proof was made and therefore we are unable to determine whether the exclusion of their testimony would have constituted prejudicial error. *Mackintosh, petitioner,* 268 Mass. 138, 139. *Commonwealth* v. *Baker,* 348 Mass. 60, 63.

*Judgments affirmed.*

*Reuben Goodman* for the defendant.

*Matthew J. Ryan, Jr.,* District Attorney, & *Leonard E. Gibbons,* Assistant District Attorney, for the Commonwealth, submitted a brief.