COMMONWEALTH *vs.* DAVID L. STROUD. March 29, 1972. Convicted by a jury of assault with intent to commit rape, the defendant appeals under G. L. c. 278, §§ 33A–33G. He argues only two alleged errors, the denial of his motions to suppress (1) a distinctive orange and green sweat shirt, and (2) both out-of-court and in-court identifications of him by the victim. We summarize the trial judge's conclusions, which are supported by elaborate and detailed findings and by the reported testimony. The police had probable cause to believe that a serious felony had occurred on the grounds of a boys' school, that the assailant might be extremely dangerous and was still on the grounds, and that the defendant, the only known suspect, had a room in one of the school buildings. The headmaster of the school unlocked the door to that room. The police entered, found the defendant in bed and saw the sweat shirt. The defendant voluntarily consented to confront the victim and, without prompting, voluntarily put on the sweat shirt and went with the police. Two hours or less after the assault, the victim identified the defendant as the assailant. The judge ruled, we

think correctly, that the entry was justified by the exigent circumstances. *Warden, Md. Penitentiary* v. *Hayden,* 387 U. S. 294, 298–299. For "reasons of caution" he excluded all evidence of events in the room, but he refused to suppress the sweat shirt, which was not seized until later, after the defendant had been arrested. We see no merit in the contention that the police should have warned the defendant that the distinctive sweat shirt might contribute to an identification. The judge found that the defendant voluntarily took part in the identification after he had been told that he could have counsel present. The case is governed by *Commonwealth* v. *Bumpus,* 354 Mass. 494, 497–502, cert. den. sub nom. *Bumpus* v. *Massachusetts,* 393 U. S. 1034, reh. den. 393 U. S. 1112. See *Commonwealth* v. *Connolly,* 356 Mass. 617, 623–624, cert. den. sub nom. *Connolly* v. *Massachusetts,* 400 U. S. 843; *Commonwealth* v. *Frank,* 357 Mass. 250, 253–254; *Commonwealth* v. *Gray,* 357 Mass. 771; *Commonwealth* v. *Breen,* 357 Mass. 441, 446–447. There was no error.

*Judgment affirmed.*

*Alexander Whiteside, II (Reuben Goodman* with him) for the defendant.

*Jack D. Curtiss,* Assistant District Attorney, for the Commonwealth.

