COMMONWEALTH *vs.* RONALD P. MARCOTTE.
(and a companion case between the same parties).

Bristol.    May 3, 1972. — July 25, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, &
HENNESSEY, JJ.

*Constitutional Law,* Admissions and confessions, Assistance of
counsel. *Evidence,* Admissions and confessions. *Practice, Criminal,* Assistance of counsel. *Identification. Breaking and Entering.*

At the trial of indictments, there was no error in the admission of a
confession made by the defendant following his arrest where it appeared that he admitted that he had been fully advised of his
right to counsel and his right against self-incrimination, and that
such admission was substantiated by a police sergeant. [392]
At the trial of indictments charging four armed robberies at different
times and places, there was no error in the admission of in-court
identifications of the defendant as the robber by four victims who
observed the defendant during the crimes for periods ranging
from two to about twelve minutes. [392–393]
Latent fingerprints of the defendant found in a small area on both
sides of a broken glass door of a bowling alley which was unbroken
when locked at closing time warranted conviction of the defendant
for breaking and entering in the nighttime, particularly in view
of testimony that he was in need of money for drugs. [393–394]

INDICTMENTS found and returned in the Superior
Court on June 6, 1969.

The cases were tried before *DeSaulnier,* J.

The cases were submitted on briefs.

*Robert V. Greco & Reuben Goodman* for the defendant.

*Philip A. Rollins,* District Attorney, & *Lance J. Garth,*
Assistant District Attorney, for the Commonwealth.

REARDON, J.    These cases come to this court under
G. L. c. 278, §§ 33A–33G, on appeals from convictions on
two indictments, one charging breaking and entering in
the nighttime and larceny, and the other charging four
counts of armed robbery, each of which occurred at a different time and place.    The defendant was found guilty
on all charges in a trial held before a judge and jury.    He

made various assignments of error applicable to each indictment of which three are argued before us. He first contends that error occurred in the admission in evidence of his statement made at the New Bedford police station following his apprehension. Second, he complains of the denial of his motion to suppress in-court identifications of him made by various witnesses. Third, he alleges error in the denial of his motion for a directed verdict on the indictment charging breaking and entering. We deal with these assignments seriatim and state in connection with our treatment of each assignment argued the facts necessary for its disposition.

1. The defendant first contends that his statement to two police officers at the New Bedford police station following his arrest was inadmissible in that the Commonwealth failed to establish a valid waiver of his privilege against self-incrimination and his right to have counsel. It appears that the defendant himself admitted being advised fully of his constitutional rights, an admission which was substantiated by a police sergeant. The sergeant testified that he advised the defendant of these rights immediately upon his arrest and again when he was booked at the police station. Thereafter the defendant confessed his participation in the crimes for which he had been arrested and subsequently was placed in a lineup. There was evidence that prior to going into the lineup the defendant upon inquiry stated that he did not want a lawyer present on that occasion, and he further said that "he wasn't scared of the line-up, because he knew he did it and they would pick him out anyway." The judge found that the defendant had already freely made a confession and that he had no objection thereafter to the lineup. A review of the evidence taken on the motion to suppress amply substantiates that the judge was entitled so to find. See *United States* v. *Montos,* 421 F. 2d 215, 224 (5th Cir.).

2. Various in-court identifications by witnesses who were the victims of the several robberies were challenged by the defendant. We refrain from an extended state-

ment of facts on these identifications and only state the following. One witness stated that the defendant was in his store for ten to twelve minutes and had leaned across a narrow counter prior to striking the witness with the butt of a gun and making off with a quantity of jewelry. He described the defendant's features in detail. A witness to a second robbery described the defendant's clothes and his features from an observation of approximately two minutes, at which time the defendant was the only person in the store besides herself. A third witness saw the defendant in a pharmacy having a drink at a soda fountain, and viewed him again when the defendant sought to purchase certain medication. He also described the defendant's jacket and stated that he had an opportunity to observe him for approximately ten minutes, part of the observation being conducted at close range. A fourth witness gave essentially similar testimony relative to a fourth robbery. One of the witnesses testified that her in-court identification was probably aided by her viewing the defendant at the police lineup. However, as the Commonwealth points out, the defendant went into the lineup of his own volition, having declined the aid of counsel, with the statement that the witnesses would probably recognize him. We find no error in the receipt in court of this strong identification evidence. *Commonwealth* v. *Robinson,* 355 Mass. 620. *Commonwealth* v. *Wilson,* 357 Mass. 49. *Commonwealth* v. *Frank,* 357 Mass. 250, 253–254. *Commonwealth* v. *Cefalo,* 357 Mass. 255.

3. There was no error in the denial of the motion for a directed verdict on the indictment charging breaking and entering in the nighttime and larceny. Latent fingerprints were found on the outside and inside of a glass door of a bowling alley which had been broken but which was unbroken when it was locked at closing time. The defendant's fingerprints were found on both sides of the glass within a small area. The defendant has cited a number of cases to us designed to cut down the effect of the testimony of those officers in charge of obtaining the

fingerprints. We have read the evidence. It suffices to say that it would permit the jury to draw inferences and conclusions of the defendant's involvement, particularly in view of the testimony that the defendant was in need of money for drugs.

*Judgements affirmed.*