## COMMONWEALTH vs. MOSES HENLEY.

Suffolk.    October 11, 1973. — November 21, 1973.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Identification. Arrest. Probable Cause. Search and Seizure. Practice, Criminal,* Appeal; Exceptions: failure to save exception.

There was no error in permitting in-court identifications of the defendant at a criminal trial notwithstanding that evidence of pre-trial identifications of him by the same witnesses had been suppressed on motion where the trial judge warrantably found that the in-court identifications were independent of the prior identifications. [566-567]

Where it appeared in an armed robbery case that the registration number, color, model, make and year of an automobile stolen at and driven away from the scene of the robbery by the perpetrator thereof was broadcast over the police radio, and a police officer observed an automobile matching such description within two hours of the broadcast and followed and stopped the automobile, there was probable cause to arrest the operator, who was the defendant, even though the officer incorrectly testified to the registration number at trial, and there was further probable cause for the officer to believe that a felony was being committed when the defendant drew a revolver and pointed it at the officer as he was being searched incident to the arrest, and it was proper to seize the revolver and to refuse to suppress it. [568]

Where the defendant in a criminal case, who had waived counsel at his trial, failed to take exception to remarks made by the prosecutor during his closing argument, the failure could not be excused on appeal where there was no substantial risk of a miscarriage of justice. [568-569]

INDICTMENTS found and returned on September 11, 1970.

A motion to suppress was heard by *Leen,* J., and the cases were tried before him.

*Daniel F. Featherston, Jr.,* for the defendant.

*William F. Linnehan,* Assistant District Attorney (*Kevin W. Kouri,* Special Assistant District Attorney, with him) for the Commonwealth.

HALE, C.J.    At a jury trial held subject to the provisions

of G. L. c. 278, §§ 33A-33G, the defendant was convicted of armed robbery, assault and battery with a dangerous weapon, and unlawful possession of a firearm. The defendant assigns as error (1) the partial denial of his motion to suppress identification testimony, (2) the trial judge's ruling that the arrest was made with probable cause and his failure to suppress evidence seized from the defendant at the time he was arrested, and (3) the judge's denial of his motion for a new trial. The defendant waived counsel and appeared pro se at the pre-trial hearings and at trial.

We summarize the evidence as follows. At approximately 11:00 P.M. on June 27, 1970, Arthur Burton, Robert Phillips, and James Blackman went to a party at a house on Woodville Street in Roxbury. They arrived in a car operated by Burton which he had borrowed from a friend. After ten or fifteen minutes the three men left the house and encountered the defendant; he asked who owned the car. After being told that Burton did, the defendant replied, "Well, you're the ... [obscenity] I have been looking for." The defendant pointed a handgun at Burton and demanded the keys to the car. Burton complied. The defendant marched the three men from the porch to the car at gunpoint. There he demanded and received money from each. He then ordered the victims back to the porch, got into the car and drove away.

Burton, Phillips, and Blackman walked to Police Station 9 in Roxbury, arriving around midnight, and reported the robbery. A report of the registration number, color, model, make, and year of the stolen car was sent out over the police radio at 12:27 A.M. That report was received by Officer William McLean of the Tactical Patrol Force. McLean ended his tour of duty at approximately 2:00 A.M. and while on his way home observed a car matching the description of the stolen vehicle. He followed the car through the streets of Roxbury for about ninety minutes. Finally, at the corner of Seaver Street and Humboldt Avenue McLean pulled in front of the car, got out with his service revolver drawn, and arrested the defendant. As McLean began to search the defendant, the defendant drew a .38 revolver and pointed it

at the officer's stomach. McLean succeeded in disarming the defendant, who was taken to the police station by other officers who had arrived by that time.

Shortly after the defendant had been taken to the police station, Burton arrived at the scene of the arrest, where he identified the automobile. After a conversation with police officers he went to the Roxbury police station. There he was asked to look in the "back room," where the defendant was seated alone, and to "see if that's the same guy." Burton thereupon identified the defendant as the robber.

Phillips identified the defendant as the robber several days later at a probable cause hearing at the Roxbury District Court. There he observed the defendant, in handcuffs, being escorted into the courtroom, and seated alone in the dock.

At a pre-trial hearing on the defendant's motion to suppress all identification testimony, both witnesses testified that a street light, located a few feet from the house and the car, provided sufficient illumination for them to observe the defendant clearly during the several minutes it took to complete the robbery. Both witnesses positively identified the defendant.[1] The trial judge allowed the motion only as to the police station and District Court identifications. The witnesses were permitted to testify at the trial as to the robber's appearance at the time of the robbery and were also permitted to make in-court identifications.

1. The defendant argues that the "pretrial confrontations were so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," and that the Commonwealth failed to show, by clear and convincing evidence, that the identifications made at trial were independent of the allegedly suggestive confrontations. The admission of this testimony, it is asserted, violated the defendant's constitutional rights. The defendant further argues that his motion for a

---

[1] James Blackman, the third victim, apparently left the jurisdiction shortly after the robbery and did not identify the defendant or testify at trial.

new trial, based in part on such grounds, was improperly denied. We do not agree.

The courts of this Commonwealth have considered the question of the unnecessarily suggestive witness-suspect confrontation, and its effect, on numerous occasions in recent years. See *Commonwealth* v. *Murphy,* 362 Mass. 542 (1972). It is now well settled that, even though a constitutionally defective identification may have been made by a witness, a valid in-court identification may properly be made by the same witness. *Commonwealth* v. *Flaherty, ante,* 282, 286 (1973). The test of the propriety of the subsequent identification is whether it is independent of the challenged confrontation, so as to be purged of its taint. *Id.* at 286-287. The preferred practice is for the judge to make specific findings of fact on the issue of independence. *Commonwealth* v. *Mendes,* 361 Mass. 507, 511-512 (1972). In this case the judge made such findings, and the evidence before him fully warranted this conclusion. We conclude, therefore, that the Commonwealth met its burden and that the identifications made at trial were independent of the earlier identifications. *Commonwealth* v. *Wilson,* 360 Mass. 557, 561-563 (1971). *Commonwealth* v. *Leaster,* 362 Mass. 407, 413-415 (1972).

A considerable portion of the defendant's argument[2] consists of "pointing out evidence tending to permit findings of fact contrary to those made by the judge." *Commonwealth* v. *McGrath,* 361 Mass. 431, 437 (1972). "Effective and constitutionally adequate administration of criminal justice does not require us in the face of such findings to second guess the trial judge who is certainly in a far better position than we to determine the facts upon which a ruling on the admissibility of an in-court identification is based." *Commonwealth* v. *Frank,* 357 Mass. 250, 254 (1970). *Commonwealth* v. *McGrath, supra,* at 437.

---

[2] The defendant suggests that we apply certain psychological criteria in evaluating the reliability of the identification testimony. Such criteria, if applicable, are more appropriately employed at the trial level.

2. The defendant argues that his arrest was made without probable cause and therefore that the revolver seized from him should have been suppressed. That argument is also asserted as one of the grounds for his motion for a new trial.

The defendant's argument seems to be that the arresting officer testified at trial that the registration number of the vehicle was G40-662, when in fact its true registration number was G40-622. We find no merit in the defendant's contentions. Our examination of the record indicates that the officer was referring continually to an arrest report, which contained the inaccurate plate number, during his testimony. The arrest report was made after the defendant had been apprehended and therefore was not relevant to the issue of probable cause. The record discloses that the description of the car broadcast over the police radio, which the arresting officer recalled when he observed the car within two hours of the broadcast, included its registration number, color, model, make, and year. This description and the officer's subsequent observations gave him probable cause to stop the vehicle and arrest its occupant. *Commonwealth* v. *Brown,* 354 Mass. 337, 342-343 (1968). *Commonwealth* v. *Breen,* 357 Mass. 441 (1970). *Commonwealth* v. *Cass,* 358 Mass. 805 (1970). *Commonwealth* v. *Jackson,* 359 Mass. 759 (1971).

The arresting officer also testified that, as he was searching the defendant incident to the arrest, the defendant drew a revolver and pointed it at the officer's stomach. At that time, the officer had further probable cause to believe that a felony was being committed. The seizure of the weapon was entirely proper. *Commonwealth* v. *Andrews,* 358 Mass. 721, 726 (1971). *Commonwealth* v. *Cohen,* 359 Mass. 140, 145 (1971).

3. An additional and independent ground asserted in support of the defendant's motion for a new trial concerned remarks made by the prosecutor during his closing argument.[3] No exception was taken to those remarks at the

---

[3] A further ground offered in support of the motion was not briefed or argued and is deemed waived.

trial. Therefore, this assignment of error presents nothing for this court to consider. *Commonwealth* v. *Myers,* 356 Mass. 343, 346 (1969). The power of an appellate court to review on its merits an assignment of error which is not supported by an exception is to be used only "when there exists a substantial risk ·of miscarriage of justice. . . . No such risk exists here." *Commonwealth* v. *Concepcion,* 362 Mass. 653, 654 (1972). The defendant had expressly elected to waive counsel; he had been fully warned of the pitfalls in so proceeding.[4] His failure to take exception to the remarks complained of cannot now be excused.[5] See *Commonwealth* v. *Roy,* 349 Mass. 224, 231 (1965).

*Judgments affirmed.*

---

[4] The defendant signed a waiver of counsel which was approved by the trial judge pursuant to Rule 3:10 of the Rules of the Supreme Judicial Court. A court-appointed attorney was present during the trial; the defendant had ample opportunity to consult with him, although he did not avail himself of this privilege during the closing arguments.

[5] Although not required to do so, we have examined the record, and we rule that the remarks in question were not improper.