COMMONWEALTH *vs.* FRANCIS E. DUNN. February 14, 1975. The defendant appeals under G. L. c. 278, §§ 33A-33G, from convictions of unnatural acts on a child under sixteen and indecent assaults and batteries on a child under fourteen. The sole question presented is whether there was error in permitting the victim to identify the defendant at the trial as his assailant, notwithstanding an allegedly impermissibly suggestive out-of-court photographic identification which was suppressed. After a voir dire on the motion to suppress, the judge made detailed subsidiary findings from which he concluded that "the in-court identification was not tainted by such photographic identification and was wholly independent of the photographic identification and was based on the boy's clear and independent memory of his observations of his assailant at the time of the alleged assault." There was clear and convincing evidence which tended to show that the victim had ample opportunity to observe his assailant in daylight and was able to provide the police with an exceptionally detailed description of his assailant and which supported the judge's subsidiary findings. "[S]uch careful findings supported by the evidence . . . are not likely to be disturbed by us." *Commonwealth* v. *Frank,* 357 Mass. 250, 254 (1970). *Commonwealth* v. *Murphy,* 362 Mass. 542, 547-548 (1972). *Commonwealth* v. *Henley,* 1 Mass. App. Ct. 564, 567 (1973). *Commonwealth* v. *Cofield,* 1 Mass. App. Ct. 660, 667 (1974).

*Judgments affirmed.*

*Joan C. Stanley* for the defendant.
*Terence M. Troyer,* Assistant District Attorney (*Bonnie H. Mac-Leod-Griffin,* Assistant District Attorney, with him) for the Commonwealth.