**David L. STROUD, Petitioner,**

v.

**Frank A. HALL et al., Respondents.**

**Misc. 75–8009.**

United States Court of Appeals,
First Circuit.

Submitted Feb. 21, 1975.

Decided March 5, 1975.

Before COFFIN, Chief Judge, and ALDRICH and McENTEE, Circuit Judges.

PER CURIAM.

Petitioner was tried in Franklin County Superior Court in 1971 on a charge of assault with intent to rape, and is presently serving the ten to twenty-five year sentence imposed upon conviction. The district court, after considering the claims that the conviction rested on physical evidence and identification testimony which should have been suppressed, denied the writ of habeas corpus and refused to issue a certificate of probable cause. The question before us is whether a certificate should issue so that the appeal may be pursued.

The starting point for our inquiry is the 14-page Findings of Fact and Rulings on Defendant's Motions to Suppress filed by the state court trial judge and based upon a hearing he conducted on the motions. The judge found that the distinctive sweatshirt introduced at trial was properly seized as clothing worn by petitioner when he voluntarily went to another building for a "show up" and was there arrested, and that its use was in no way tainted by the alleged illegality of the entry by police into petitioner's room.* The judge also allowed testimony as to the victim's "show up" identification of petitioner, finding that petitioner voluntarily consented to the procedure and that it was conducted in a constitutionally permissible manner. The Massachusetts Supreme Judicial Court affirmed the conviction on direct appeal. Commonwealth v. Stroud, 1972 Mass. Adv.Sheets 775, 281 N.E.2d 599.

The district court properly accepted the trial judge's factual findings as adequately supported by the record. 28 U.S.C. § 2254(d); Leavitt v. Howard, 462 F.2d 992 (1st Cir.), cert. denied, 409 U.S. 884, 93 S.Ct. 175, 34 L.Ed.2d 140 (1972). On those facts, the introduction of the sweatshirt constituted no constitutional violation. Nor was the identification testimony improper, since under "the totality of the circumstances" the procedure utilized was not unnecessarily or unduly suggestive. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

Certificate denied.

---

* Although the trial court did not allow testimony or introduction of evidence as to what the police and others saw and found in petitioner's room in the period immediately after entry, this was done only "for reasons of caution", since the entry was found to be a permissible one. We need not decide whether the entry was permissible or not.