COMMONWEALTH *vs.* ROBERT D. LODER. July 27, 1976. The defendant
appeals under G. L. c. 278, §§ 33A-33G, from convictions, after a jury
trial, of rape, armed robbery and burglary, and the commission of an
unnatural and lascivious act. He claims error in the denial in part,
after a voir dire, of his motion to suppress in-court and out-of-court
identifications by the victims, a young man and woman. At the time of
the crimes the victims were occupying the bedroom of an apartment of
the young woman. Two men entered and assaulted them during a pe-
riod of one and one-half to two hours. The only light in the room came
from a street light opposite the window and lights from the park across
the street. These dimly illuminated the room. In the course of the epi-
sode the young man, despite being nearsighted, was able to view both
assailants for a total period of ten minutes. For one minute, the face
of the individual, later identified by the victims as the defendant, was
only several inches distant from his eyes. The young woman was as-
saulted by the defendant for approximately thirty minutes. During that
time her face was within inches of his face. Later that day the young
man selected the defendant's photograph from an array of more than
one hundred photographs shown him by the police and the young
woman separately selected the defendant's photograph from six to ten
photographs shown to her by the police. Two of these were of the de-
fendant. Following these photographic identifications the young woman
was told by the police, and she then informed the young man, that they
were familiar with the defendant and regarded him as dangerous. In
the early evening of the following day, the young woman spotted her
assailants outside her mother's apartment. She alerted the police and
accompanied them to a nearby park where the defendant was arrested.
About two weeks later the young man identified the defendant at a
preliminary hearing in a District Court as the latter sat in the dock
with three other individuals. The only identification suppressed by the
judge was made by the young woman in the District Court at about
the same time that she observed the defendant handcuffed to an officer.
Although the judge found her identification on that occasion to have
had an independent source, her observations of the defendant at the

Rescript Opinions.

time she was assaulted, the identification was suppressed presumably for the reason that in the circumstances it was unnecessarily suggestive. See *Commonwealth* v. *Hogg, ante,* 225, 227 (1976). The facts that two photographs of the defendant were inadvertently included among the assortment from which the young woman made her selection (see *Commonwealth* v. *Geraway,* 355 Mass. 433, 439-440 [1969]) and that both she and the young man learned, after they had identified the defendant by photograph, that the police regarded him as dangerous — were insufficient reasons for the suppression of the photographic and succeeding identifications. On the day that these crimes were committed and prior to their photographic identifications of the defendant, the victims gave a detailed description of their assailants to the police. The inclusion of two photographs of the defendant among those shown to the young woman was not impermissibly suggestive per se. See *Commonwealth* v. *Kostka,* 370 Mass. 516, 523-524 (1976); *United States* v. *Cooper,* 472 F.2d 64, 65-66 (5th Cir. 1973). The evidence warranted the judge's finding in support of his refusal to suppress the photographic and other pre-trial identifications of the defendant by the victims (see *Commonwealth* v. *Murphy,* 362 Mass. 542, 547 [1972]) and the admission of their identifications of the defendant at trial. Furthermore, the judge found that "the experience they suffered . . . their opportunity to observe . . . their capacity to note and memorize the features of their assailants, is convincing evidence of the independent and untainted quality of their identification . . . I find their identification to be based solely on what they observed of the defendant at the time he assaulted them." *Commonwealth* v. *Robinson,* 355 Mass. 620, 622 (1969). *Commonwealth* v. *Frank,* 357 Mass. 250, 254 (1970). *Commonwealth* v. *Flaherty,* 1 Mass. App. Ct. 282, 287-288 (1973). *Commonwealth* v. *Kennedy,* 3 Mass. App. Ct. 218, 221, n.4 (1975). *Commonwealth* v. *Underwood,* 3 Mass. App. Ct. 522, 534-535 (1975). See also *Neil* v. *Biggers,* 409 U.S. 188, 200-201 (1972).

*Judgments affirmed.*

The case was submitted on briefs.
*Daniel F. Toomey* for the defendant.
*Bonnie H. MacLeod-Griffin,* Assistant District Attorney, for the Commonwealth.