MICHAEL P. BORRELLI *vs.* PERSONNEL ADMINISTRATOR OF THE DIVISION OF PERSONNEL ADMINISTRATION & others. May 12, 1978. The plaintiff's appeal must be dismissed as premature because the action has not been disposed of so far as it relates to the defendant board of selectmen and there has been no express determination of the type contemplated by Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). *Caldwell* v. *Collier,* 5 Mass. App. Ct. 903 (1977). However, we see no harm in expressing our opinion that all the questions raised by the motion of the other defendants for summary judgment were properly decided for the reasons given by the judge in the memorandum of decision filed by her in connection with her order allowing that motion.

> *Appeal dismissed.*

*Philip S. Iuliano* for the plaintiff.
*Betty E. Waxman,* Assistant Attorney General, for the defendants.

COMMONWEALTH *vs.* FRANCIS E. DUNN. May 16, 1978. The sole ground of the motion for a new trial was one which concededly could have been assigned as error and argued when the defendant appealed from the convictions which were affirmed in *Commonwealth* v. *Dunn,* 3 Mass. App. Ct. 708, further appellate review denied, 367 Mass. 912 (1975). Accordingly, the trial judge did not abuse his discretion in simply denying the motion without a hearing and without ruling on the question sought to be raised by the motion. *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 229-231 (1973). *Commonwealth* v. *Cresta, ante* 855 (1978). If we were required to consider the question, we would conclude that it is devoid of merit.

> *Exceptions overruled.*

The case was submitted on briefs.
*J. Russell Hodgdon* for the defendant.
*John J. Droney,* District Attorney, *& James W. Sahakian,* Assistant District Attorney, for the Commonwealth.