COMMONWEALTH
v.
Anthony CHIODI

No. 0435

Superior Court
Commonwealth of Massachusetts

March 4, 1982

**Michael Traft,** counsel for plaintiff
**Barry Wilson,** counsel for defendant

### RULINGS, ORDER AND MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FOR A NEW TRIAL

#### INTRODUCTION

The defendant Chiodi has moved for a new trial. Chiodi, one DeLeo and one Goldman were jointly tried and convicted on all counts in July 1976 in a jury trial before a now retired Justice of this Court. Chiodi was charged with armed robbery; DeLeo and Goldman were charged with armed robbery and attempted kidnapping.

All three defendants appealed their convictions. In **Commonwealth v. Goldman,** 5 Mass. App. Ct. 635 (1977), their convictions were affirmed. In **Commonwealth v. Goldman,** Mass. App. Ct. Adv. Sh. (1981) 1960, the denial of Goldman's motion for a new trial was affirmed. Chiodi now also moves for a new trial and he makes six arguments in support of his motion. He argues that: (1) it was reversible error for the trial judge to refuse to sever Chiodi's trial from that of co-defendants DeLeo and Goldman; (2) the trial judge abused his discretion in not permitting Chiodi to sit at counsel table during trial; (3) the trial judge was biased and should have recused himself from the trial because he heard inadmissible evidence at a prior bail hearing; (4) the failure to suppress an in-court identification of Chiodi violated his due process rights because it was tainted by an out-of-court identification which should

have been suppressed; (5) the trial judge's charge to the jury was inadequate or contained errors on several counts, particularly alibi; and (6) Chiodi was denied effective assistance of counsel because of counsel's failure to request an alibi instruction.

I find and rule that the trial judge committed no reversible error and that Chiodi was effectively represented by counsel at his trial.

## FACTS

The evidence relevant to Chiodi's motion may be summarized as follows: The victim, a Joan Lampert, testified at trial that on the morning of April 12, 1976 two men approached her wearing masks. One of the men had curly hair. Introduced at trial were an Afro wig, ski masks and other evidence seized pursuant to a search warrant from Chiodi's apartment. The victim was told to give up her bag. One of the men, identified as Chiodi, then grabbed the bag and ran off yelling, "I've got it, I've got it." The other man remained at the scene and unsuccessfully attempted to pull the victim's ring off her finger, and threatened her with a gun while she was trying to remove the ring. A third man then appeared in a car, putting a gun in the victim's back and threatening to shoot her. The victim began to scream and the two men fled in the car, which stopped a short distance away where the first man, again identified as Chiodi, approached it and threw in the handbag before fleeing separately on foot. Approximately ten minutes later police officers gave chase to a car described by the victim and apprehended Goldman and DeLeo. The victim's purse was discovered about 300 yards from the car. Chiodi was apprehended later and a search pursuant to warrant yielded the articles referred-to above from his apartment.

A witness to what occurred, a Joanne Dennison testified that on that day at about 11:00 a.m., she observed a man running towards her. Dennison made both an out-of-court identification of the man as being Chiodi. The out-of-court identification was made from police mug shots all having front and side views. The mug shot of Chiodi was on the top of the pile of mug shots. A Sergeant Ryan, the police officer in charge of photo identification, testified that the witness identified Chiodi's photo immediately before he, Ryan, had an opportunity to spread the mug shots out on the table. Ryan then did spread the mug shots out, asking Dennison to examine the photographs carefully and to be sure of her identification. Dennison also made an in-court identification of Chiodi. She based her in-court identification of Chiodi on her 20-to-30-second observation of him as he passed in front of her at a distance of 5 to 7 feet. One Ellen Garrity, a witness for Chiodi and a waitress at the Paramount Restaurant, testified that she observed Chiodi in the restaurant on April 12, 1976 at about 10:45 or 11:00 a.m., which was the time the incident allegedly occurred.

## MEMORANDUM OF DECISION

In response to Chiodi's several claims of error, I rule as follows: First, I rule that it was not reversible error for the trial judge to refuse to sever Chiodi's trial from that of his co-defendants DeLeo and Goldman. Chiodi argues that the trial judge's failure to sever and failure to give a limiting instruction with respect to the actions of the other defendants, such as their threatening with a gun and attempted kidnapping, resulted in prejudicial error. I disagree. Under **Commonwealth v. Bettencourt**, 361 Mass. 515, 522 (1972), whether or not to sever is within the sound discretion of the trial judge. There is abundant case law to support the trial judge's decision in this case. First, it is well-established that co-defendants may be jointly tried without each being charged with every offense charged if the indictments arise out of the same criminal conduct, event or chain of events, as is the case here. **U.S. v. Campbell Hardware**, 470 Supp. 430 (D.C. Mass. 1979). Particularly applicable is the standard set forth in **U.S. v. Ciampaglia**, 628 F.2d 632 (C.A. Mass. 1980), **cert. denied,** 101 S.

Ct. 365 (1980), which establishes that "where all of the counts tried together are directly related to and part of the same overall scheme and transaction," and where separate trials would necessarily involve repetitive use of most of the same evidence and same facts, there is no possibility of abuse of discretion in denying a severance motion, "absent a clear showing of substantial prejudice." No such showing has been made here. Chiodi has also argued that erratic behavior at trial by his co-defendant Goldman prejudiced his case. I find nothing in the record to support this contention. See also, the discussion of this issue in **Commonwealth v. Goldman,** Mass. App. Ct. Adv. Sh. (1981) 1960.

I next rule that the trial judge did not abuse his discretion in not permitting Chiodi to sit at counsel table during the trial and that the trial judge was not biased and should not have recused himself because he had previously heard inadmissible evidence at a bail hearing. Both these issues have already been raised and disposed of by the Appeals Court in the co-defendant Goldman's appeal in **Commonwealth v. Goldman,** 5 Mass. App. Ct. (1977) 635. In that decision the Appeals Court rejected these arguments finding no "substance to their contention," on the first issue, and no "support in the record . . . that they were prejudiced in the assignment of their cases (or) accorded anything other than a fair trial by the judge presiding . . . or that his conduct in the course of the trial was other than impeccable." Chiodi in his present motion has presented no unique circumstances of peculiar prejudice applicable to him not raised by other defendants in their appeal. These arguments will not be reconsidered by this Court. **Commonwealth v. McLaughlin,** 364 Mass. 211, 229, 230 (1973).

I next rule that the trial judge did not violate Chiodi's due process rights in not suppressing the in-court identification. Chiodi argues that because his mug shot was on the top of the pile, that because it was the only one without a side view as well as a front view, and that because Dennison's' identification of Chiodi was based on a very brief observation, the out-of-court identification was impermissibly tainted and thus the in-court identification was tainted. Chiodi argues that both identifications should have been suppressed on this basis.

Based on Sergeant Ryan's testimony that Dennison chose Chiodi's photograph before he could finish spreading out the array and based on Dennison's testimony that the Sergeant, after spreading the mug shots out, asked her to examine all of the photos to be certain, (Tr. 26, 28), I find and rule that the photo-identification was not impermissibly suggestive. Further, Dennison had sufficient opportunity to view Chiodi under clear weather conditions in the daytime for twenty to thirty seconds directly in front of her in order to make an in-court identification of independent origin. See, **Commonwealth v. Frank,** 357 Mass. 250, 253-254 (1970). The Court held in **Commonwealth v. Roberts,** 362 Mass. 357, 364-367 (1972) that the shortness of the period of time in which the victim viewed the defendant goes to the weight, not to the admissibility, of the witness's testimony. In **Commonwealth v. Roberts,** the witness had viewed the defendant for only two to three seconds and the testimony was admitted. In this case the testimony was properly admitted to be given to the jury to weigh its credibility.

I next rule that the trial judge's charge to the jury was not inadequate and contained no errors. Specifically, Chiodi argues that the trial judge erred in failing to charge the jury, **sua sponte,** on the issue of alibi, in failing to charge correctly on joint venture, in failing to charge the jury, **sua sponte,** on lesser-included offenses, in failing to give correct limiting instructions on the co-defendant's impeachment by prior convictions; and that the trial judge's charge as a whole and particularly on reasonable doubt was biased in favor of prosecution. In reviewing claims of error not based upon objection made at trial a court may

reverse only upon determination of a "substantial risk of a miscarriage of justice," **Commonwealth v. McLeod,** 367 Mass. 500, 502 (1975); **Commonwealth v. Smith,** 342 Mass. 180, 188 (1961). Chiodi doesn't even come close to meeting this standard.

In response to Chiodi's various arguments, I rule as follows: The trial judge did not err in not instructing the jury, **sua sponte,** on the issue of alibi. The Supreme Judicial Court has held that "it cannot be counted a mistake to omit the (alibi) charge, if it is otherwise made clear that the burden of showing that the defendant was present at the time and place, and thus capable of committing the crime, remains on the Commonwealth," **Commonwealth v. Medina,** Mass. Adv. Sh. (1980) 1143, 1157. **Commonwealth v. Smith, supra.** In the present case the trial judge in his instruction correctly and clearly communicated to the jury that the burden of proving beyond a reasonable doubt that Chiodi was involved in the crime remained on the Commonwealth. (Tr. 493, following reference to alibi testimony). Thus there was no shift of the burden of proof and no error on this issue.

The trial judge committed no error in his instruction on joint venture. He correctly instructed the jury that "if you are not satisfied beyond a reasonable doubt that the three perpetrators of this crime whoever they may be were acting jointly as part of a common enterprise . . . then each one of the perpetrators is responsible only for those acts which he himself committed." (Tr. 484).

Chiodi next argues that the trial judge should have included, **sua sponte,** an instruction on the lesser-included offense of unarmed robbery. A judge is not compelled to charge on a theory unsupported by the evidence. **Commonwealth v. Santo,** 375 Mass. 299 306, 307 (1978). In this case there was ample evidence from which a jury could find that the defendants were acting in concert with respect to the robbery. The principal issue was whether the defendants were the particular actors involved. Indeed, Chiodi's counsel did not raise the argument that the perpetrators were not acting in concert. On the basis of the evidence presented at trial in this case, I find that the jury could find the defendant either was one of two men who approached the victim and took part in the robbery or he wasn't. Even if Chiodi did not have a gun, if his accomplices were armed, he is liable for armed robbery. **Commonwealth v. Santo, supra.** Thus, there was an insufficient rational basis in the evidence on which to require an instruction, **sua sponte,** that the jury could acquit Chiodi of the main charge while convicting on the lesser-included offense of unarmed robbery. (See, **Commonwealth v. Santo, supra,** and **Commonwealth v. Hogg,** 365 Mass. 290, 295 (1974). The Court in **Commonwealth v. Hogg,** in a similar situation, found that an instruction on a lesser-included offense was not warranted where the defendants were involved in a joint enterprise and had a willingness to use a gun).

Chiodi next argues that the trial judge erred in failing to give a limiting instruction on the effect of DeLeo's prior convictions only going to DeLeo's credibility. Insofar as DeLeo was the only defendant who testified at the trial, and the judge correctly stated that the prior criminal convictions could be considered only with respect to DeLeo (not mentioning Goldman or Chiodi in this part of the charge), there is absolutely no merit to the argument that Chiodi was prejudiced by this instruction.

Chiodi next argues that the trial judge's charge as the whole gave a view of the evidence biased toward the prosecution. On my review of the entire charge to the jury I can find absolutely no basis for the claim that the trial judge's charge was anything other than a fair and correct enunciation of the principles of law to be applied to the case. The trial judge did not give any opinion of the evidence or charge any facts. He also twice cautioned the jury that they were sole judges and

weighers of the facts, that they should not be influenced by any ruling, comment, question or emphasis of the judge. (Tr. 475, 476, 494). He also most fairly instructed on reasonable doubt.

Finally, I rule that Chiodi was not denied effective assistance of counsel because his counsel failed to request an alibi instruction. Chiodi now argues that his attorney's failure to request an alibi instruction on his theory of the case, that Chiodi was not present at the incident, was not an informed, professional judgment, and thus Chiodi was denied effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights. Because there was no error in the charge regarding alibi, I find that Chiodi's claim that he was denied effective assistance of counsel because of failure to request such an instruction is not reversible error. In order to show ineffective assistance of counsel, a defendant must prove ''serious incompetency, inefficiency, or inattention of counsel, behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer, and if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defense.'' **Commonwealth v. Saferian,** 366 Mass. 89, 96 (1974). Further, Chiodi's counsel forcefully argued the strength of the alibi evidence in his closing argument. On the basis of this, and of my finding no error on the alibi instruction, as well as a review of the record as a whole, I find no substantiation for the claim that Chiodi was ineffectively represented by counsel or denied a substantial ground of defense.

## ORDER

For the foregoing reasons Chiodi's motion for a new trial is ordered denied.

As an addendum to this decision, it appears most appropriate to add this personal comment. I have read recently many comments by the Chief Justice of the United States focusing on the seeming continued warfare perpetrated on the criminal justice system by convicted felons. This case is yet another example of this warfare which, if the public were aware of what was occurring, it would have even less than the justifiably minimal confidence in the system it currently has. Somehow, a sense of balance and rationality has to be returned to the system. It just doesn't seem right to permit a person such as Chiodi, who is fairly convicted of a despicable crime, to continue to divert scarce criminal justice resources to his interests. That seems to permit injustice.

Paul G. Garrity
Justice of the Superior Court