Hugh **MARTIN**, Petitioner-Appellant,

v.

**STATE OF INDIANA,**
Respondent-Appellee.

No. 74–1941.

United States Court of Appeals, Seventh Circuit.

Argued April 25, 1975.

Decided Aug. 28, 1975.

Joseph P. Bauer and William T. Grimmer, Law Student, Notre Dame, Ind., for petitioner-appellant.

Theodore L. Sendak, Atty. Gen., Robert S. Spear, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before CUMMINGS, STEVENS and TONE, Circuit Judges.

PER CURIAM.

This appeal is from the dismissal of a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254.

In 1967, an Indiana gas station was robbed and the station attendant was shot. On November 17th of that year, petitioner was initially charged with those offenses. At his bench trial, the State established petitioner's identity through the testimony of the victim and an alleged accomplice. He was convicted of inflicting physical injury while in the

commission of a robbery in violation of Burns Ann.Stat. § 10–4101. The conviction was affirmed by the Indiana Supreme Court in a 3–2 decision. *Martin v. State,* 258 Ind. 83, 279 N.E.2d 189 (1972). Thereafter, Martin's successive petitions for a writ of habeas corpus were denied by the district court.

According to the facts set forth in the Indiana Supreme Court decision, petitioner had been originally identified by the victim at a pretrial lineup at the police station about three months after the robbery.[1] At the lineup, he was allegedly denied counsel. Petitioner testified at trial that he was one of two blacks out of twelve men in the lineup. The victim testified that petitioner was the only person in the lineup dressed in prison garb. Petitioner is almost six feet tall, approximately nine inches taller than the only other black in the lineup. The victim described the person who shot him as the shorter of the two robbers and as a dark-skinned Negro. At the trial it developed that the petitioner is taller than his alleged accomplice and is a light-skinned Negro. See quotation *infra,* at 685. No evidence was presented at the trial to indicate whether the victim had a good opportunity to view the men robbing the gas station. The prosecution did not introduce evidence of the pretrial lineup. The alleged accomplice identified petitioner at trial as the one who shot the gas station attendant during the robbery.

At the trial, an objection was made to the victim's identification of petitioner because of asserted taint from the pretrial lineup, allegedly conducted without counsel and in a suggestive manner. A motion to strike was made. However, the trial judge allowed the identification to stand without a hearing or factual determination as to whether the in-court identification had been tainted by the pretrial lineup. The court sentenced the petitioner to life imprisonment.

On appeal to the Indiana Supreme Court, the majority opinion acknowledged that there was evidence tending to show that the in-court identification was tainted by the lineup identification, so that a hearing to resolve the issue would normally have been essential. 279 N.E.2d at 191. Nevertheless, instead of ordering a new trial or remanding the case, three members of the court concluded that the uncorroborated testimony of the accomplice identifying petitioner as the other robber and as the assailant of the attendant sufficed to affirm the conviction. The two dissenting justices favored a remand in order to determine whether the in-court identification was tainted by the pretrial identification. 279 N.E.2d at 192–194.

In July 1973, petitioner filed his first application for a writ of habeas corpus. The district court denied the petition for failure to present a constitutional claim, reasoning that the legality of the pretrial identification was moot since the Indiana Supreme Court had found other sufficient grounds to support the conviction.

A second petition for writ of habeas corpus was filed on August 22, 1974, raising the same bases for relief. Treating the petition as a motion to reconsider, the district court denied it in a memorandum opinion of September 11, 1974. Judge Beamer held that since "the State supreme court has ruled that the conviction must stand regardless of the outcome on the constitutional issue, that issue represents a moot point; a decision thereon can in no way affect the outcome of the case." Therefore, relief was denied. We reverse.

*Correct Harmless Error Standard*

First of all, petitioner asserts that his Sixth Amendment right to counsel was violated because he was denied counsel by the police at his post-arrest lineup before the robbery victim. Petitioner relies upon *United States v. Wade,* 388

---

1. The Indiana trial court record is not in the record before us, nor was it before the district court.

U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, as he did on appeal in the Indiana courts. The Indiana Supreme Court accepted his argument, although finding it to be harmless error, without mentioning whether the record revealed whether the lineup took place subsequent to the filing of charges against petitioner and without citing *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411. See discussion *infra,* under the next heading. Petitioner next argues that the lineup was unnecessarily suggestive in violation of the due process clause of the Fourteenth Amendment. See *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. The Indiana Supreme Court recognized this possibility by stating in its opinion affirming his conviction:

> "There was also testimony indicating a strong possibility the lineup was conducted in an overly suggestive manner. The witness testified that the only member of the lineup he could remember wearing a jail uniform was the appellant. The appellant, who is a Negro, five feet eleven inches tall, and about thirty-five years old testified that of the approximately twelve people in the lineup the only other Negro was five feet three inches tall and eighteen years old." (279 N.E.2d at 191.)

The Indiana Supreme Court assumed that the victim's in-court identification had been impermissibly tainted by a constitutionally infirm lineup and relying on the identification testimony of the accomplice, held that "even without the in-court identification by the victim the evidence is sufficient for the judge of the trial court, as the trier of fact in this case, to find that the identification of the appellant was established." 279 N.E.2d at 192. On this basis, it affirmed the conviction.

■ Assuming, as did the Indiana Supreme Court, that the lineup, was constitutionally infirm and that it tainted the victim's in-court identification or made it unreliable, the proper harmless error standard to apply can be found in *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, where the Court held: "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Despite the recognition of the proper harmless error standard by the dissenters (279 N.E.2d at 193), the Indiana Supreme Court applied a simple sufficiency of the untainted evidence test.

■ Had the majority applied the proper test, they could not have affirmed, given their assumptions. There is no way that the state could establish beyond a reasonable doubt that the trial judge, as the trier of fact, did not rely in some measure upon the in-court identification of the petitioner by the victim. This is especially true in a case such as this one, where the trial judge received the victim's identification testimony despite the defense argument that it should be excluded as tainted and where the only other identification testimony came from an alleged accomplice, a traditionally suspect source. See *Martin v. State, supra,* at 193 (DeBruler, J., concurring and dissenting in part). Thus the district court's reliance on the Indiana Supreme Court's opinion was error.

*Petitioner's Right to Counsel Attack on the Lineup*

■ The record before us does not reveal whether the lineup was before or after the filing of formal charges against petitioner. At oral argument the parties were unable to agree on this question. Whether petitioner's Sixth Amendment right to counsel was violated at the lineup may depend on the timing of the formal charges. *Kirby v. Illinois, supra.* Accordingly, this case must be remanded to the district court for a determination whether there were formal charges pending against petitioner at the time of the lineup. See *Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 9

L.Ed.2d 770; *Cooper v. Piccard,* 428 F.2d 1351 (1st Cir. 1970). If the hearing establishes the Sixth Amendment violation, further proceedings must be held to permit "the Government the opportunity to establish by clear and convincing evidence that the in-court identification [was] based upon observations of the suspect other than the lineup identification." *United States v. Wade, supra,* 388 U.S. at 240, 87 S.Ct. at 1939. Should the Government fail to meet this burden, petitioner will be entitled to relief.

*Petitioner's Due Process Attack on the Lineup*

■ The testimony at the trial, as summarized by the Indiana Supreme Court, reveals that the lineup was sufficiently suggestive to warrant further analysis. Contrast *United States v. Bowie,* 515 F.2d 3 (7th Cir. 1975). The absence in the record of testimony on certain crucial points, especially the witness' opportunity to observe his assailant, requires a hearing below on remand. See *Townsend v. Sain, supra.*

■ If the victim's in-court identification is reliable despite his participation in a suggestive lineup, there is no deprivation of due process and thus the harmless error question need never be reached. See *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401; *Simmons v. United States,* 390 U.S. 377, 385–386, 88 S.Ct. 967, 19 L.Ed.2d 1247; *Coleman v. Alabama,* 399 U.S. 1, 4, 90 S.Ct. 1999, 26 L.Ed.2d 387; *Stovall v. Denno,* 388 U.S. 293, 301–302, 87 S.Ct. 1967, 18 L.Ed.2d 1199; *Israel v. Odom,* 521 F.2d 1370 at 1375 (7th Cir. 1975); *United States ex rel. Kirby v. Sturges,* 510 F.2d 397, 404 (7th Cir. 1975); *United States ex rel. Pierce v. Cannon,* 508 F.2d 197, 203 (7th Cir. 1974).

■ The recent authoritative interpretations in this Circuit, listed *supra,* of the Supreme Court's cases relating to identification and due process make it unnecessary to outline the proper approach to be taken in the district court on remand. The proper factors to be considered are well outlined in our previous cases.[2] Should the district court discover on remand that the petitioner's Sixth Amendment right to counsel was violated at the lineup, the factors used to determine whether the in-court identification was tainted thereby are much the same as the factors which the aforementioned precedent list for consideration of the due process issue. See *United States v. Wade, supra,* 388 U.S. at 241, 87 S.Ct. 1926. Thus an examination of such factors may serve a dual purpose.

■ To recapitulate, if upon remand the district court finds either (a) that the lineup was conducted without counsel after formal charges were preferred or (b) that it was impermissibly suggestive, the court must then conduct a hearing at which the state will have the burden of proving by clear and convincing evidence that the in-court identification was nevertheless reliable.

Reversed and remanded for proceedings consistent with this opinion.

---

2. Some of the factors that are deemed relevant by the pertinent precedent are addressed in the opinion of the Indiana Supreme Court. 297 N.E.2d at 190–191. The three-month delay between the incident and the lineup, the discrepancy between the victim's description of his assailant and the petitioner's appearance, and the victim's uncertainty when shown a number of photographs prior to the lineup are all indicia of the reliability of the identification.